Frank A. Gulotta, J.
This is a motion for summary judgment. The action is one to recover for the rental of certain premises located in Long Beach. On or about June 1, 1958, plaintiff and defendant entered into a written agreement whereby the latter agreed to rent from the plaintiff the “ complete house located at 362 West Beach St.” for the period June 15, 1958 to September 15, 1958, for the sum of $2,000. One hundred dollars was paid upon signing the agreement, $900 was to be paid on signing a more formal lease which was to be done within seven days and the balance of $1,000 prior to taking posession but not later than June 20, 1958. According to the affidavit of the real estate broker who negotiated the transaction a formal lease was sent to defendant on June 2, 1958, but nothing happened with relation thereto until June 10, 1958, when the broker was informed that defendant was not going to take the house. Plaintiff states that thereafter she endeavored to rerent the premises without success.
Defendant admits signing the above agreement but denies the other allegations of the complaint. He has set up as separate defenses (1) that plaintiff was to submit a more formal agreement which had to be approved by defendant’s legal adviser; (2) that during the alleged rental period the premises were occupied by plaintiff or her agents; (3) that plaintiff failed, neglected and refused to rent said premises to others although she had offers; (4) that plaintiff failed to perform all the conditions on her part to be performed.
There is nothing in the written memorandum which states that the more formal agreement was to be subject to the approval of defendant’s legal adviser and this defense in the light of its clear violation of the parol evidence rule must fall. The defense that plaintiff failed to perform all the conditions on her part to be performed is disproved by the proof from the broker, whose veracity the defendant also sponsors. As to defendant’s third defense, the law is well settled that the usual obligation to minimize damages" has no application to a contract of leasing (Gray v. Kaufman Dairy & Ice Cream Co., 9 App. Div. 115, 119; Sancourt Realty Corp. v. Dowling, 220 App. Div. 660). However, since there is no denial that plaintiff occupied the premises with her family and thus may have received a beneficial use therefrom, the question of damages becomes an issue.
*554 Motion for summary judgment by plaintiff against defendant is granted and the case is set down before the court, without a jury, for the September Trial Term, Part I of this court, for the purpose of assessing damages.
Short-form order signed.