Fred J. Munder, J.
On June 1, 1958, the plaintiff and the defendant entered into a written agreement whereby the latter agreed to rent from the plaintiff the premises known as 362 West Beach Street for the period June 15, 1958, to September 15, 1958, for the total sum of $2,000, $100 to be paid upon the signing of the agreement and $900 to be paid upon the execution of a formal lease within seven days thereafter. Upon the defendant’s refusal to execute the formal lease, and the plaintiff’s subsequent failure to relet the premises, this action was brought to recover the balance of the rent agreed upon.
On plaintiff’s motion for summary judgment, Mr. Justice G-ulotta (20 Misc 2d 552), granted the motion and left the issue of damages to be determined at the Trial Term.
In granting the motion the learned Justice at Special Term decided that the writing subscribed to by the parties and upon which this action is based, was in itself tantamount to a lease, and applied the law of landlord and tenant. That being the law of the case, the plaintiff was under no obligation to relet or attempt to relet the premises and thus minimize damages. (Becar v. Flues, 64 N. Y. 518; Sancourt Realty Corp. v. Dowling, 220 App. Div. 660.)
The only question remaining is whether the continued occupation of the premises by the plaintiff and her family served to reduce the damages to which she is entitled. This I conclude in the negative. In order to continue the liability of the lessee after his refusal to execute the more formal lease or take possession, the lessor was not required to leave the premises vacant and uneared for. The plaintiff had a right to use the premises until requested to give up possession pursuant to the contract of lease. (Millie Iron Mining Co. v. Thalmann, 34 App. Div. 281.)
Judgment therefore is directed to be entered in favor of the plaintiff in the amount of the rent agreed upon less the deposit already made, or $1,900 plus interest, costs and disbursements.
Submit judgment accordingly.