DEBORAH C. BECAR, Respondent, *v.* EBERHARD FLUES, Executor, etc., Appellant.

A parol lease of premises for a year to commence *in futuro* is not an executory contract prior to the time of taking possession. It vests a present interest in the term and cannot be rescinded by either party alone.

In case, therefore, of a refusal of the lessee to perform, the lessor is not required to lease to another if he have an opportunity, and is not confined to his remedy for actual damages; but may refuse to accept the rescission and hold the lessee liable for the rent.

(Submitted March 23, 1876; decided April 4, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon an alleged parol lease by plaintiff to defendant's testator of certain premises in Brooklyn. Said testator went into possession of the premises in 1871 under a written lease, which expired May 1, 1874. In February or March, 1874, a verbal contract was entered into for another year. The testator died April 10, 1874, and soon after defendant gave notice that he rescinded the contract, and that the premises would be vacated May 1, 1874. They were so vacated, and the key tendered and left at the office of plaintiff's agent, who returned it to defendant by mail. Defendant offered to prove on the trial that plaintiff, after defendant's notice and before May 1, 1875, was offered $1,200 for the premises, for the year, and refused it. The offer was rejected, and defendant's counsel duly excepted. The rent agreed to be paid was $1,400. The court directed a verdict for the plaintiff for three-quarters' rent due under the contract. Defendant's counsel duly excepted. A verdict was rendered accordingly.

*Wm. W. Badger* for the appellant. The lease was terminated by defendant's notice rescinding it, and he was only

liable for such damages and loss as plaintiff had suffered by reason of the rescinding of the contract, and plaintiff was bound to save defendant as far as he could from further damage. (*Hecker* v. *McCrea*, 24 Wend., 310; *Hamilton* v. *McPherson*, 28 N. Y., 72, 77; *Miller* v. *Mariners' Church*, 7 Greenl., 51; *Shannon* v. *Comstock*, 21 Wend., 461; *Clark* v. *Marsiglia*, 1 Den., 317; *Spencer* v. *Halstead*, id., 606; *Wilson* v. *Martin*, id., 602–605; *Loker* v. *Damon*, 17 Pick., 284; *Dillon* v. *Anderson*, 43 N. Y., 237; *Miller* v. *Pres't*, etc., 41 id., 100–103; *Litchfield* v. *Johnson*, 1 Swe., 459; *Terwilliger* v. *Knapp*, 2 E. D. S., 86–88; *La Farge* v. *Mansfield*, 31 Barb., 345–347; *Skinner* v. *Tinker*, 34 id., 333; *Hosmer* v. *Wilson*, 7 Mich., 294; *Danforth* v. *Walker*, 37 Vt., 239; Sedg. on Dam. [6th ed.], 106, 265, 266.)

*E. More* for the respondent. The lease was not an executory contract, which one party could break and limit the other to his remedy for damages. (*Clark* v. *Marsiglia*, 1 Den., 317; *Wilson* v. *Martin*, id., 602; *Spencer* v. *Halsted*, id., 606.)

CHURCH, Ch. J. From the facts disclosed in this case, the loss occasioned by not renting the premises, by either of the parties, was unnecessary. The evidence tends to establish that the defendant's testator, in February or March, 1874, leased the premises by parol of the plaintiff, by her son, for one year from the first of May thereafter, the testator then being in possession under a prior lease. The testator died in April, and the family not desiring to retain the house, the defendant gave notice that they would not retain it, and on the first of May they abandoned the possession and tendered the key, which was declined. This action is brought for three-quarters' rent.

The defendant proved that the plaintiff might have rented the house for nearly as much as the defendant's testator was to pay for the same. A verdict was directed for the plaintiff. It is claimed by the defendant that between the making of the contract and the time for taking possession the contract

was executory, and that the defendant having refused to perform it, the plaintiff could only recover the actual damages, which, within the general rule, the plaintiff was bound to make as small as possible. (28 N. Y., 72 ; 43 id., 237.) While the rule of law invoked is well settled, I feel constrained to hold that it is not applicable to this contract. The error is in the position that this was an executory contract. This court decided, in *Young* v. *Dake* (5 N. Y., 463), that a parol lease for a year, to commence *in futuro*, is valid and obligatory. Such a lease vests a present interest in the term. It is assignable before entry, and the lessee can bring ejectment if possession is withheld. ( *Whitney* v. *Allaire*, 1 N. Y., 307, and authorities cited.) The same principle was recognized in *Trull* v. *Granger* (8 N. Y., 115). It was there held that although ejectment would lie, the tenant might also bring an action for damages upon the implied agreement to give possession, or in tort for a violation of duty. If the landlord could not rescind, the tenant could not. The rights and liabilities in this respect are mutual. Each party acted upon their strict legal rights, and while the result we can see will operate harshly upon the defendant and the estate, we are compelled to adjudge the law as we find it. When the plaintiff refused to accept the rescission, the defendant still held the term, and was responsible for the rent of the house. The lease, although verbal, is as binding as if in writing. It granted *in presenti* a term of one year in the premises, which the testator agreed to pay for. It is like the sale of specific personal property to be delivered. In such a case the title passes to the vendee, and of course he is liable for the purchase-money.

I have examined the other points made, and do not think any of them tenable. No question was made in this court as to the propriety of allowing costs.

The judgment must be affirmed.

All concur.

Judgment affirmed.