LOUIS HEYMAN, Appellant, *v.* IRAM H. STRYKER, JR.,
Respondent.

(Supreme Court, Appellate Term, March, 1910.)

Carriers —Who are common carriers and when carrier liable as such —
    Expressmen and draymen.
Damages:  Particular contracts and relations — Liability of bailees,
    carriers and telegraph companies — Liability of carrier — Liability
    for loss of or injury to goods; Mitigation of damages — Loss of
    goods by common carriers.

    A public truckman is a common carrier.

    Where a case of whiskey and a barrel of whiskey, delivered by
    plaintiff to defendant, a public truckman, for delivery to a named
    consignee, were stolen while in defendant's possession, the plain-
    tiff is entitled to recover the value of the property less the
    amount of a conceded counterclaim.

    The plaintiff's duty to mitigate his damages did not call upon
    him to obtain possession of the barrel of whiskey which had been
    recovered by the police department, defendant having a right to
    recover its possession.

APPEAL from a judgment of the Municipal Court of the city of New York, first district, borough of Manhattan, in favor of the defendant.

Henry C. Burnstine, for appellant.

Morris S. Hirschberg, for respondent.

BIJUR, J.   Plaintiff, a dealer in whiskies, delivered a case of whiskey worth twenty dollars and a barrel worth ninety-four dollars to defendant, a public truckman, for delivery to a named consignee.   That defendant was a common carrier has been decided upon the appeal from a judgment entered on a prior trial of this case.   116 N. Y. Supp. 638.

The articles were stolen while in defendant's possession. The barrel of whiskey, however, was recovered by the police and deposited with the property clerk.

The learned judge below held that, because of his duty to mitigate the damage, the plaintiff should recover this barrel from the police department.

I am of the opinion, however, that defendant has not been relieved of his obligation to deliver these goods safely, and has an adequate right, under the circumstances, to recover possession of the goods.   Plaintiff, therefore, is not bound to submit to defendant's refusal to carry out his contract, nor to reduce, in the manner arbitrarily dictated by defendant, the damage caused by the latter's continued breach.   Rollins v. Sidney B. Bowman Cycle Co., 96 App. Div. 365.   See also Eten v. Luyster, 60 N. Y. 252.

As all the facts necessary for a complete determination of the issues are concededly set forth in the agreed statement of facts, no purpose would be served by a new trial.

The judgment below, therefore, should be modified by directing judgment for the whole amount of plaintiff's claim, namely, one hundred and fourteen dollars, plus nine dollars and twelve cents, interest from October 1, 1907, to the date of submission, less the amount of defendant's conceded counterclaim of thirty-five dollars and twenty-three cents plus two dollars and thirty-five cents interest accrued on the date

of the submission, plus additional interest on the balance from that date, February 24, 1909, until entry of this judgment; and, as modified, affirmed, with costs to appellant.

Seabury and Lehman, JJ., concur.

Judgment modified, and, as modified, affirmed, with costs to appellant.