### GOLDSTEIN et al. v. LEVIN et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. LANDLORD AND TENANT (§ 23*)—ORAL LEASE—VALIDITY.

A landlord and tenant may enter into an oral lease for one year on terms other than those contained in the original lease in writing to begin at the end of the term of the original lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 60; Dec. Dig. § 23.*]

2. LANDLORD AND TENANT (§ 18*)—ORAL LEASE—EVIDENCE.

The testimony of a tenant, when sued for rent for a month after a termination of the original lease, that before the termination he refused to sign a new lease unless the rent was reduced, and that after some conversation the landlord agreed to let the tenant have the property at a reduced rent, established an oral lease, and the landlord could only recover the rent specified therein, and not on the theory that the tenant was a holdover.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 45–48; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Leah Goldstein and another against Marks Levin and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Henry M. Levin, of New York City, for appellants.

Leo Schafran, of New York City, for respondents.

PER CURIAM. The jury in this case was directed by the trial justice to render a verdict in favor of the plaintiffs for the sum of $75, being the amount claimed by the plaintiffs as rent for the month of February, 1914, of premises occupied by defendants. The lease of the premises was originally made for one year and two months, ending on February 1, 1913, and was renewed by an indorsement upon the lease for one year more, expiring on February 1, 1914. Plaintiffs proved the occupancy of the premises by defendants in February, 1914, a demand for payment of $75, and a refusal to pay. The defendant Levin then took the stand and testified that in January, 1914, the plaintiff called upon him for the rent for the month, which he paid; that Goldstein then asked him to sign a lease; that he told Goldstein that unless the rent was reduced from $75 per month to $50 per month he would have to move out; and that after some further conversation Goldstein agreed to let defendants have the loft at $60 per month. After this testimony was given, the court immediately directed a verdict for the plaintiff, although the defendant stated that he had two

more witnesses. The learned trial justice based this direction upon the ground that the defendant was a holdover and that the plaintiffs had a right to and did elect to so consider the defendant as such upon the same terms as under the original lease. This was error.

[1, 2] The parties clearly had a right to enter into an oral lease for one year (Becar v. Flues, 64 N. Y. 518) upon terms other than contained in the original lease, and such an agreement was clearly shown by defendant's testimony.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.