GOTTLIEB REICHERT, Respondent, *v.* CHARLES H. SPIESS, Appellant.

Second Department, November 3, 1922.

Damages — when party not bound to have work performed to minimize damages — action for breach of contract whereby defendant was to furnish land and cold frames and do plowing and shipping — plaintiff to work land and cold frames under direction of defendant — profits to be divided — complaint alleged failure of defendant to account for sales and to make timely shipment — defendant counterclaimed for failure of plaintiff to plant second crop in cold frames — error for court to charge that jury might find that defendant should have planted crop himself to reduce damages as only portion of contract breached by plaintiff — contract not constituting lease.

The general rule that where a party has entirely repudiated a contract and abandoned the work which he has agreed to perform, it is the duty of the other party to minimize the damage by proceeding to have the work performed, is

not applicable where the first party merely failed and refused to perform one of several items of the work.

Accordingly, in an action to recover damages for the breach of a contract whereby the defendant agreed to supply certain land and cold frames for growing celery, lettuce, etc., and to do the plowing and attend to the shipping, and the plaintiff agreed to work the land and cold frames and raise such crops as might be directed by the defendant for a share of the proceeds, where the breach alleged was the failure of the defendant to account for certain crops sold and to make timely shipments of celery, and the defendant counterclaimed for the failure of the plaintiff to plant a crop in the cold frames after a crop of celery had been removed, it was error for the court to charge the jury that they might find that it was the duty of the defendant, if he learned that the plaintiff would not plant the said crop in the cold frames, to plant the crop himself and thus reduce his damages, as the breach alleged by the defendant was simply as to a portion of the contract, the remainder being fulfilled.

The contract between the parties was not in the nature of a lease so as to render the general rule as to minimizing damages inapplicable.

APPEAL by the defendant, Charles H. Spiess, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 17th day of October, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Ivan A. Gardner* [*Charles E. Taylor* with him on the brief], for the appellant.

*John Bright,* for the respondent.

YOUNG, J.:

The action was brought to recover damages for the breach of an alleged contract between the parties, whereby the defendant agreed to supply certain muck land and cold frames for growing celery, lettuce, etc., do plowing and look after the shipping, and whereby the plaintiff agreed to work the muck land and cold frames and supply necessary labor to raise such crops thereon as might be directed by the defendant, and the parties were to divide the proceeds in certain proportions. The breach alleged was for defendant's failure to make complete returns for crops disposed of amounting to $2,000, and that defendant had failed to make timely shipments of celery to plaintiff's damage in the sum of $1,000.

The terms of the contract were admitted, and the defendant, in his answer, also admitted that he had retained $1,000 from the sale, but set up a counterclaim in that amount by reason of plaintiff's violation of the contract in not working the muck land and cold frames as directed. Upon the trial an amendment was allowed to defendant's counterclaim increasing it to $1,807.45.

Upon the trial testimony was given by defendant tending to show that plaintiff had entirely failed to plant in the cold frames French lettuce or romaine after a crop of celery had been removed, leaving the cold frames vacant for the balance of the season, by which defendant had been damaged to the amount of $1,275. It was contended by defendant that such planting was proper, while plaintiff asserted that it was not proper to plant romaine lettuce in the cold frames, but out in the fields.

The court, in charging the jury in connection with this feature of defendant's counterclaim, used the following language: " Now, in reference to that, I charge you that if it was the plaintiff's duty under the contract to do this work, the planting of romaine, and it did not require ploughing, and the ground in the cold frames was suitable for it when the celery was taken out, and if the defendant asked him to do it, asked the plaintiff to do it and he failed to do it, he broke his contract and he was liable to the defendant for such damages as were sustained, but there is another rule that applies to that, as applies to all contracts, to do labor. If the man who contracts to do the labor fails to do it, the other party, in this case, the defendant here, had the right to give him notice, ' If you do not plant that by a certain time, I will put on men to do it myself, and do your work for you at your expense. I will charge you with the expense of doing the work which it is your part to do.' If that was a proper thing to do, it was the defendant's duty to do it. There is no evidence here that it was not a proper thing to do; I have heard none; it simply was not done.

" Now, you must say if it was a proper thing to bring some other help there and do that work. If it was, it was the defendant's duty to do it, and in that way he could have lessened the damage, and that was not done, so I charge you if that was a proper thing to do, he was obliged to do it; if it was not a proper thing to do, then he was not obliged to do it, and if there was any loss he is entitled to counterclaim for that loss."

To this portion of the charge defendant's counsel excepted.

The jury found a general verdict for the plaintiff for $1,111.39, upon which judgment was entered from which, as well as from an order denying an order for a new trial, defendant appeals to this court.

The only question presented upon this appeal is the question of law arising from defendant's exception to the portion of the charge of the trial court above quoted. It is urged by the appellant that this charge was error, and that defendant was under no duty or obligation to have the romaine planted in order to minimize his damage. Numerous authorities are cited by counsel upon this question.

In *Heyman* v. *Stryker* (67 Misc. Rep. 88) it was held that where a case and barrel of whisky delivered by plaintiff to defendant, a public truckman, for delivery to a consignee, were stolen while. in defendant's possession, plaintiff was entitled to recover the value of the property, and that his duty to mitigate the damages did not call upon him to obtain possession of the barrel of whisky which had been recovered by the police department, defendant having a right to recover its possession.

In *Stamford Steamboat Co.* v. *Gibbons* (9 Wend. 327) a boat chartered by plaintiff for six months was arrested by process of attachment by a creditor of the owner who refused to obtain its liberation, and it was held that the hirer was discharged from his contract, and that it was not his duty to defend the suit or secure the discharge of the attachment.

In *National Bank of Newburgh* v. *Smith* (66 N. Y. 271) it was held that it was optional with a bank whether or not to apply a general deposit made by the maker of a protested note upon such note.

In *Rollins* v. *Bowman Cycle Co.* (96 App. Div. 365) defendant agreed to repair plaintiff's bicycle and ship it to him with express charges prepaid, but afterwards refused so to ship it except upon prepayment of the charges or C. O. D., and plaintiff purchased another bicycle. It was held that plaintiff's obligation to reduce the damages did not require him to pay the bill for repairs and procure delivery of the wheel.

In *Dubois* v. *Hermance* (56 N. Y. 673) it appeared that upon the sale of certain real property, etc., defendants agreed to take and carry out certain lumber contracts, among others, with the firm of J. C. Ward & Co., which defendants failed to do, and upon suit, brought against plaintiffs by J. C. Ward & Co., plaintiffs notified defendants to defend, which they refused to do, and plaintiffs defended, but a judgment was recovered against them, which they paid, together with attorney's fees and expenses. It was held that evidence given by defendants, that they pointed out to plaintiffs, when they refused to perform the Ward contract, how plaintiffs might fill it without loss, had no effect upon the question of damages; that the duty of performing primarily devolved upon defendants and that plaintiffs were not bound to resort to means to relieve defendants from loss when the latter had equal opportunity and were previously bound.

In *Sumner* v. *City of Gloversville* (35 Misc. Rep. 523) the action was by a lower riparian owner for diversion of water, and it was claimed by defendant that had plaintiff's dam been in good condition it would not have sustained damage, but the court held

that defendant was liable, not for the possible injury in case plaintiff built a better dam, but for the actual injury done to him as the plant then was.

*Bagley* v. *Smith* (10 N. Y. 489) was a partnership case, and held that the fact that plaintiff entered into business on his own account did not affect the question of damages.

Appellant also contends that the agreement between the parties was in the nature of a lease and that the general rule as to minimizing damages had no application. But in my opinion, this contract was not a lease. (*Taylor* v. *Bradley*, 39 N. Y. 129.)

*Hamilton* v. *McPherson* (28 N. Y. 72) was an action for damages for delay in the carriage of oats, and it was held that upon breach of a contract the law imposed upon the injured party the active duty of making reasonable exertions to render the injury as light as possible, and that notwithstanding the delay of the defendants, the duty of taking care of the grain rested upon plaintiffs or their agents, the custodians thereof, and that defendants were not answerable for damages which resulted from failure to bestow the necessary care.

*Parsons* v. *Sutton* (66 N. Y. 92) was an action to recover the price of paper purchased by defendants, and refused upon the ground that it was not delivered in time. A counterclaim was interposed for damages for failure to deliver the paper when contracted for. The court held that defendants were not entitled to recover such damages because there was no proof that they could not have obtained suitable paper in the market, and invoked the rule that a party who suffers from a breach of contract must so act as to make his damages as small as he reasonably can.

In *Worth* v. *Edmonds* (52 Barb. 40) the action was for damages for breach of contract, by which defendant agreed to tow plaintiff's sloop, loaded with stone. It was claimed by plaintiff that as defendant did not come, he was compelled to unload the stone, and lost his compensation and was obliged to tie up the sloop in another place than usual, and was subjected to additional expense, but it was held that as there was no proof that he had made any effort to procure any other boat to tow the sloop, he could not recover such expense.

In *Niagara Falls Paper Co.* v. *Lee* (20 App. Div. 217) the action was to recover damages for delay to a steamer and two schooners caused by the detention of one of the schooners under a libel in the United States court, and it was held that it was plaintiff's duty, upon discovering such detention, to procure another vessel for the purpose, and not wait for the discharge of the libel.

*Peirce* v. *Cornell* (117 App. Div. 66) was an action upon a

building contract, and it was held that when defendant had refused to proceed, it was plaintiff's duty to procure the work to be done as quickly as possible and thus limit the damages.

It is said by the Court of Appeals (*Norske Ameriekalinje* v. *Sun P. & P. Association*, 226 N. Y. 1, 7) that "The rule is of general and widespread application that one who has been injured either in his person or his property by the wrongful act or default of another is under an obligatory duty to make a reasonable effort to minimize the damages liable to result from such injury, and that if he does not make such reasonable effort he will be debarred from recovering for those additional damages which result from such failure." The court then refers to illustrations of this rule, such as the duty of one threatened with damage as the result of a breach of contract of employment to make reasonable effort to find employment elsewhere; also the duty of one whose property is threatened by the negligence of another by defective sewer or sparks cast from a locomotive, to make proper effort to stay the damage, and also that of one whose person is injured by carelessness of another to make reasonable attempt to cure or mitigate the injury and stop the damage.

It will thus be seen that this rule is a general one applicable alike to actions in tort and upon contract, which is, however, subject to some exceptions. Thus it is well settled that it has no application to an action for rent under a lease, the reason given being in substance that such a contract is not an executory contract. (*Becar* v. *Flues*, 64 N. Y. 518.)

In *Allen* v. *McConihe* (124 N. Y. 342), which involved the failure of brokers to sell as directed, the referee allowed as damages the difference between the price at which defendant ordered the sale, and the price at which the stock was sold, and it was held no error; that defendant was not required, when he learned that his instructions to sell had not been executed, to notify the brokers that he abandoned all claim to the stock, and held them responsible for its value; nor was he under any obligation, in order to protect his defaulting agents, to pay the purchase price, take the certificates and sell them.

It does not seem to me that any of these cases cover the precise situation presented on this appeal. If the plaintiff had entirely repudiated the contract and abandoned the work which he had agreed to perform, the general rule as to defendant's duty to minimize the damage by proceeding to have the work performed would probably apply. But here the breach alleged by defendant was simply as to a particular phase of this contract. In other words, it is plain that plaintiff refused to perform certain work

First Department, November, 1922.　　[Vol. 203

required of him under a contract which covered many other and different kinds of work. He never attempted to rescind the contract, nor did he abandon the premises, or refuse performance of the remainder of the contract, but simply failed and refused to do this one thing, namely, plant romaine lettuce in the cold frames when so directed by defendant. If the general rule charged by the trial court in this case applies under such circumstances, then in every contract for the performance of work, if a party refuses to do some particular thing required by the contract, it becomes the duty of the other party to step in and do it for him, and as often as such failure or refusal may occur. In my opinion, this rule should not be extended to cover any such situation.

The judgment and order appealed from should be reversed upon the law and a new trial granted, with costs to abide the event.

Blackmar, P. J., Kelly, Manning and Kelby, JJ., concur.

Judgment and order reversed upon the law and a new trial granted, with costs to abide the event.