SANCOURT REALTY CORPORATION, Appellant, v. EDWARD J. DOWLING, Respondent.

First Department, June 3, 1927.

**Landlord and tenant — action on guaranty of rent — refusal of landlord to mitigate damages by leasing premises to new tenant no defense — rule relating to reduction of damages does not apply to contract of leasing.**

In an action by a landlord to recover on a guaranty executed by a third person to " well and truly pay the said rent or any arrears thereof," in the event of the default by the tenant, it is not a defense in mitigation of damages that the landlord refused to lease the property to a new tenant after the original tenant defaulted. The rule relating to the duty to reduce damages does not apply to a contract of leasing.

APPEAL by the plaintiff, Sancourt Realty Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of June, 1926, denying plaintiff's motion for summary judgment.

*Isaac H. Levy* of counsel [*Battle, Miller, Levy & Van Tine,* attorneys], for the appellant.

*Jacob J. Alexander* of counsel [*Joseph J. Grumet* with him on the brief; *Edward J. Dowling,* attorney], for the respondent.

PROSKAUER, J. In consideration of the execution by plaintiff of a lease to a third party, the defendant covenanted to " well and truly pay the said rent or any arrears thereof " in the event of default by the tenant. The defendant pleads the refusal of the landlord to mitigate damages by leasing to a new tenant. This appeal is from the order denying plaintiff's motion for judgment on the ground of the insufficiency of this defense.

It is settled law that " the lessor is not required to lease to another if he have an opportunity." (*Becar* v. *Flues,* 64 N. Y. 518.) The usual obligation to reduce damages " has no application to a contract of leasing, as the latter is governed by peculiar and entirely different rules." (*Gray* v. *Kaufman Dairy & Ice Cream Co.,* 9 App. Div. 115, 119.) Rent is a fixed compensation for a vested interest. The contract, to that extent, is executed by the landlord, and the tenant's obligation to pay rent as compensation for the estate is absolute. The defendant's absolute covenant to pay any rent which was not paid by the tenant is, therefore, unaffected by the landlord's refusal to lease to a new tenant. The question of the surety's right of subrogation is not before us on this appeal.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with ten dollars costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.