Per Curiam.

The judgment of the court below (see 86 Misc 2d 607) should be affirmed with $10 costs.
Defendant had vacated her apartment on November 1, 1975, although her lease did not expire until June 30, 1977. Plaintiff having rerented this apartment on February 1, 1976, is entitled to prevail on its cause of action to recover rent for November, 1975 through January, 1976.
The court below, rejecting defendant’s contention that plaintiff failed to mitigate damages, held that there is no such duty imposed upon a landlord. This holding is a reiteration of the long-standing rule in New York (Becar v Flues, 64 NY 518; Sancourt Realty Corp. v Dowling, 220 App Div 660; Rottkamp *938 v Eger, 74 Misc 2d 858; 2 Rasch, New York Landlord and Tenant [2d ed], § 875). It should be noted, however, that there seems to be a trend whereby the courts have been modernizing traditional concepts of landlord and tenant law (e.g., Tonetti v Penati, 48 AD2d 25, 30; 57 E. 54 Realty Corp. v Gay Nineties Realty Corp., 71 Misc 2d 353). Some courts have held that a landlord is obligated to attempt to relet premises where a tenant vacates before the expiration of the lease (Grade Towne House v Weinstein, NYLJ, March 14, 1973, p 17, col 4; Parkwood Realty Co v Marcano, 77 Misc 2d 690; Sherman Taylor Corp. v Cohen, NYLJ, July 10, 1973, p 10, col 8; see, also, Howard Stores Corp. v Robison Rayon Co., 36 AD2d 911). We need not decide whether this rule should be adopted because it is apparent from the papers submitted on the motion for summary judgment that plaintiff diligently attempted to relet the premises.
Concur — Schwartzwald, P. J., Pine and Buschmann, JJ.