opinion of the court
Memorandum.
Judgment unanimously modified by vacating the dismissal of plaintiff’s first cause of action and remanding the matter for a new trial. As so modified, judgment affirmed, without costs.
In this action by a landlord for rents accruing after a tenant’s abandonment of the premises, the issue is whether it was incumbent upon the landlord to prove as part of its direct case that it attempted to mitigate damages by reletting the premises. We hold that it was.
It was long the established rule in this State, as in many other jurisdictions, that a landlord was under no duty to mitigate damages by reletting the premises to a new tenant upon the original tenant’s abandonment (see Becar v Flues, 64 NY 518; Centurian Dev. v Kenford Co., 60 AD2d 96; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 875; Landlord’s duty on tenant’s failure to *629 occupy, or abandonment of, premises, to mitigate damages by accepting or procuring another tenant, Ann., 21 ALR3d 534). The rationale for the rule was said to be that the tenant, by the contract of leasing, had purchased a vested interest in real estate, that the contract had been executed by the landlord and that the tenant’s obligation to pay rent was thus absolute (see, e.g., Sancourt Realty Corp. v Dowling, 220 App Div 660; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 875; Ann., 21 ALR3d 534, 539).
However, following the landmark case of Javins v First Nat. Realty Corp. (428 F2d 1071, cert den 400 US 925), this view of residential leases began to change. Courts in this State began to acknowledge that a lease of residential premises establishes a contractual relationship with mutual obligations and that there are rules of law applicable to other agreements that should apply to leases (see Tonetti v Penati, 48 AD2d 25, 29 [holding that rental agreements, like other sales of goods and services, should carry with them a warranty of fitness for the purpose intended, or of habitability]; 57 E. 54 Realty Corp. v Gay Nineties Realty Corp., 71 Misc 2d 353; see, also, Covington v McKeiver, 88 Misc 2d 1000). Not long thereafter, some courts extended this reasoning to the issue of landlord’s duty to mitigate, concluding that a landlord should indeed have such a duty (see, e.g., Jaysons Holding Co. v Leviton, NYLJ, Dec. 21, 1979, p 15, col 4; Grade Towne House v Weinstein, NYLJ, March 14, 1973, p 17, col 4; Parkwood Realty Co. v Marcano, 77 Misc 2d 690).
While this court has previously remarked upon these decisions and this trend of “modernizing traditional concepts of landlord and tenant law” (Birchwood Assoc. v Stern, 88 Misc 2d 937; see,, also, Lefrak v Lambert, 93 Misc 2d 632), it has not previously had occasion to pass upon the issue of a landlord’s duty to mitigate.
We now hold that a landlord has such a duty. As the Court of Appeals, which apparently has not spoken on the issue since 1895 (see Matter of Hevenor, 144 NY 271), long ago noted, the rule that a landlord may sit idly by and collect his rents while making no attempt to relet the premises often imposes harsh results, as where a tenant *630 under a multiyear lease is forced by circumstances to abandon the premises with several years remaining on the lease (see Becar v Flues, supra, p 520). Indeed, both courts and commentators have recognized that the contrary rule is more just (see Parkwood Realty Co. v Marcano, supra, p 692; Ann., 21 ALR3d 534, 540).
In the instant case, plaintiff understandably may not have been prepared to produce proof on this issue and should in the interest of justice be given an opportunity to do so. Accordingly, a new trial is ordered.
Pino, P. J., Buschmann and Hirsch, JJ., concur.