OPINION OF THE COURT
Frederick D. Dugan, J.
This is an appeal from the judgment of the Jerusalem Town Court, Small Claims Part (Bailey, J.), awarding $200 to respondent on his counterclaim and dismissing appellant’s claim for $100.
Respondent Fine’s counterclaim was for breach of a contract to rent or lease a cottage to appellant Spohn during the last week of July, 1983 for $300. Appellant’s suit was to recover his $100 rental deposit.
Each of the parties, pro se, submitted this appeal without argument on the Justice’s return and their written submissions.
The sole issue on review of a small claims decision is whether substantial justice has been done between the parties according to the rules and principles of substantive law (Blair v Five Points Shopping Plaza, 51 AD2d 167; UJCA 1807).
The trial court found that there was an oral agreement between the parties for respondent owner to rent the cottage to appellant one week. This agreement was made Sunday, March 27, 1983, at the cottage and appellant shortly mailed respondent a check for $100 as a rental deposit.
The proof was that 11 days later on April 7, 1983, appellant called the owner and told him he did not want to *1076 rent the cottage. Later, he requested return of the $100 deposit.
In its thorough decision of August 12, 1983, the trial court correctly held that there was an enforceable oral contract between the parties and that the respondent owner had the option to do nothing and collect the full rental. (Centurian Dev. v Kenford Co., 60 AD2d 96.)
Under this oral contract to rent, the respondent owner was to make the premises available some four months hence and the appellant was to pay the balance of the one-week rent when, 11 days later, appellant breached the contract by his anticipatory repudiation.
The proof was that respondent owner made no affirmative attempt to rerent the cottage for that week after appellant’s repudiation of the contract. The owner testified that he received one and perhaps two calls from persons inquiring about renting the cottage but for various unstated reasons arrangements were not made to rent the cottage which was not rented or occupied during the last week of July.
Under the general rule of damages in contract, one who suffers from a breach of contract must so act to minimize his damages by making a reasonable effort to mitigate the damages (36 NY Jur 2d, Damages, § 25) but that rule is not applicable to this contract because the agreement is not executory.
In the oft-cited, still controlling decision of the Court of Appeals in Becar v Flues (64 NY 518), it was held that an oral agreement to lease a house in the future was valid and obligatory (Young v Dake, 5 NY 463) and vests a present interest in the term of the lease, so that it is not an executory contract subject to the rule requiring mitigation.
This 1876 decision (Becar v Flues, supra) notes that this result will operate harshly but that the court is compelled to adjudge the law. If the owner could not rescind, the tenant could not because the rights and liabilities are mutual. When the owner refuses to accept the rescission, the tenant still holds the term and is responsible for the rent.
*1077 This appellate court is cognizant of the contrary holding by the Appellate Term of Supreme Court, Second Department, on August 4,1983, which rules that a landlord has a duty to mitigate damages (Paragon Inds. v Williams, 122 Misc 2d 628). That appellate court notes that the Court of Appeals has not modified its holding that a landlord has the option to do nothing and collect the full rental (Paragon Inds. v Williams, supra, p 629).
This appellate court is constrained under the doctrine of stare decisis to follow the decisions of the Court of Appeals (1 Carmody-Wait 2d, § 2:58).
Judgment affirmed.