OPINION OF THE COURT
 

 Simons, J.
 

 In 1985, defendant Kenneth Cole Productions, Inc. entered into a written lease for premises in a commercial office building located at 29 West 57th Street in Manhattan. The term was to commence on January 1, 1985 and end on December 31, 1994. In December 1991, following a change of owners and an alleged deterioration in the level and quality of building services, defendant vacated the premises. Shortly thereafter, the new owner, plaintiff Holy Properties Limited, L.P., commenced a summary eviction proceeding against defendant for the nonpayment of rent. It obtained a judgment and warrant of eviction on May 19, 1992 and subsequently instituted this action seeking rent arrears and damages. At trial defendant asserted, as an affirmative defense, that plaintiff had failed to mitigate damages by deliberately failing to show or offer the premises to prospective replacement tenants. Supreme Court entered judgment for plaintiff, holding that defendant had breached the lease without cause and that plaintiff had no duty to mitigate damages. The Appellate Division affirmed.
 

 The issue is whether, on these facts, the landlord had a duty to mitigate its damages after the tenant’s abandonment of the premises and subsequent eviction.
 

 The law imposes upon a party subjected to injury from breach of contract, the duty of making reasonable exertions to minimize the injury
 
 (Wilmot v State of New
 
 York, 32 NY2d 164, 168-169;
 
 Losei Realty Corp. v City of New York,
 
 254 NY 41, 47). Leases are not subject to this general rule, however, for, unlike executory contracts, leases have been historically recognized as a present transfer of an estate in real property
 
 (see, Becar v Flues,
 
 64 NY 518, 520;
 
 Reichert v Spiess,
 
 203 App Div 134, 139;
 
 see also, Centurian Dev. v Kenford Co.,
 
 60 AD2d 96). Once the lease is executed, the lessee’s obligation to pay rent is fixed according to its terms and a landlord is under no obligation or duty to the tenant to relet, or attempt to relet abandoned premises in order to minimize damages (2 Rasch, New York Landlord and Tenant § 26:22 [3d ed 1988]).
 

 When defendant abandoned these premises prior to expiration of the lease, the landlord had three options: (1) it could do nothing and collect the full rent due under the lease
 
 (Becar v
 
 
 *134
 

 Flues,
 
 64 NY 518, supra;
 
 Sancourt Realty Corp. v Dowling,
 
 220 App Div 660), (2) it could accept the tenant’s surrender, reenter the premises and relet them for its own account thereby releasing the tenant from further liability for rent, or (3) it could notify the tenant that it was entering and reletting the premises for the tenant’s benefit. If the landlord relets the premises for the benefit of the tenant, the rent collected would be apportioned first to repay the landlord’s expenses in reentering and reletting and then to pay the tenant’s rent obligation
 
 (see,
 
 lease para 18;
 
 Underhill v Collins,
 
 132 NY 269;
 
 Centurian Dev. v Kenford Co., supra).
 
 Once the tenant abandoned the premises prior to the expiration of the lease, however, the landlord was Within its rights under New York law to do nothing and collect the full rent due under the lease
 
 (see, Becar,
 
 64 NY 518,
 
 supra; Underhill v Collins,
 
 132 NY 269,
 
 supra; Matter of Hevenor,
 
 144 NY 271).
 

 Defendant urges us to reject this settled law and adopt the contract rationale recognized by some courts in this State and elsewhere. We decline to do so. Parties who engage in transactions based on prevailing law must be able to rely on the stability of such precedents. In business transactions, particularly, the certainty of settled rules is often more important than whether the established rule is better than another or even whether it is the "correct” rule
 
 (see, Maxton Bldrs. v Lo Galbo,
 
 68 NY2d 373, 381). This is perhaps true in real property more than any other area of the law, where established precedents are not lightly to be set aside
 
 (Heyert v Orange & Rockland Utils.,
 
 17 NY2d 352, 360).
 

 Defendant contends that even if it is liable for rent after abandoning the premises, plaintiff terminated the landlord-tenant relationship shortly thereafter by instituting summary proceedings. After the eviction, it maintains, its only liability was for contract damages, not rent, and under contract law the landlord had a duty to mitigate. Although an eviction terminates the landlord-tenant relationship, the parties to a lease are not foreclosed from contracting as they please
 
 (see, International Publs. v Matchabelli,
 
 260 NY 451, 454;
 
 Mann v Munch Brewery,
 
 225 NY 189, 194;
 
 Hall v Gould,
 
 13 NY 127, 133-134). If the lease provides that the tenant shall be liable for rent after eviction, the provision is enforceable
 
 (id.).
 

 In this case, the lease expressly provided that plaintiff was under no duty to mitigate damages and that upon defendant’s abandonment of the premises or eviction, it would remain liable for all monetary obligations arising under the lease
 
 (see,
 
 lease para 18).
 

 
 *135
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.