OPINION OF THE COURT
Per Curiam.
Order entered February 16, 1996 reversed, with $10 costs, defendant’s motion for summary judgment is denied, and the second affirmative defense is stricken.
Defendant, a residential tenant of apartment premises at 350 East 52nd Street, Manhattan, vacated the premises in September 1990, prior to the expiration of the lease on December 31, 1990. In this action for rent arrears, Civil Court *559 summarily dismissed the complaint upon the ground that plaintiff landlord had failed to raise a factual issue with respect to its duty to mitigate damages under the lease.
As recently reaffirmed by a unanimous Court of Appeals in Holy Props. v Cole Prods. (87 NY2d 130, 133), the rule in this State remains that "[office the lease is executed, the lessee’s obligation to pay rent is fixed according to its terms and a landlord is under no obligation or duty to the tenant to relet, or attempt to relet abandoned premises in order to minimize damages”. In rejecting the opportunity to adopt the contract rationale of mitigation of damages, the Court pointed to the overriding benefit of applying "established precedents” in the field of real property law (Holy Props. v Cole Prods., supra, at 134).
While a commercial tenancy was the subject of the litigation in Holy Props, (supra), neither the language nor reasoning employed in the decision signals an intent on the part of the Court of Appeals to abrogate the no-mitigation rule in the context of residential landlord and tenant relationships* (Duda v Thompson, 169 Misc 2d 649 [Sup Ct, Westchester County]). Nor have we been referred to any case decided by the Appellate Division expressly adopting a duty to mitigate in residential cases (see, Wallis v Falken-Smith, 136 AD2d 506; Syndicate Bldg. Corp. v Lorber, 128 AD2d 381; but see, Paragon Indus. v Williams, 122 Misc 2d 628 [App Term, 2d Dept]). Accordingly, we follow and apply the settled higher authority which relieves a landlord of any obligation to mitigate damages where the tenant has abandoned the premises prior to the expiration of the lease term.
Ostrau, P. J., Parness and McCooe, JJ., concur.

 The Court cites with approval to Becar v Flues (64 NY 518), an 1876 case where the lessee of a house died and the estate, after vacating the premises, was held responsible for the remainder of the lease term.