■ DRESSES FOR LESS, INC., Appellant, v LENROTH REALTY Co., INC., Respondent. [688 NYS2d 50] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered

February 27, 1998, after a nonjury trial, dismissing plaintiff tenant's complaint for constructive eviction and breach of lease, and awarding defendant landlord damages on its counterclaims for unpaid rent and attorney's fees, unanimously modified, on the law and the facts, to vacate the award of attorney's fees, and otherwise affirmed, without costs.

A fair interpretation of the evidence supports the trial court's findings, based largely on witness credibility, that the alleged water leakage problem in the leased premises was not so severe as to constitute a constructive eviction, and that to the extent there was a problem, it was for the most part attributable to a portion of the premises that under the lease was the tenant's responsibility to fix (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495). Based on an express provision of the lease, the trial court correctly awarded the landlord damages in the amount of the unpaid rent due under the lease, less rent collected from the new tenant to which the premises were re-let after the tenant's abandonment, without regard to whether the landlord notified the tenant of such re-letting (*cf., Holy Props. v Cole Prods.,* 87 NY2d 130, 133-134). However, the award of attorney's fees to the landlord was error, where the landlord's attorney, an employee of its managing agent, kept no contemporaneous time records but simply estimated the percentage of his time devoted to work on this matter, with the managing agent then billing the landlord for such percentage of the salaries, benefits and Social Security costs of the attorney and his secretary. We hold that, aside from the issues this practice raises under the Judiciary Law and the Code of Professional Responsibility, the evidence was insufficient to carry the landlord's burden of establishing the reasonable value of the attorney's services, regardless of the quality of the representation apparent to the court at trial. Concur—Nardelli, J. P., Wallach, Lerner and Andrias, JJ.