[861 NYS2d 129]

Maria Rios, Appellant, v Alfredo Carrillo, Respondent.

Second Department, July 1, 2008

APPEARANCES OF COUNSEL

*Peter Piddoubny*, Astoria, for appellant.

*Goldberg, Scudieri, Lindenberg & Block, P.C.*, New York City (*Robert H. Goldberg* of counsel), for respondent.

## OPINION OF THE COURT

LIFSON, J.

At issue on this appeal is the question of whether the Supreme Court properly applied the doctrine of mitigation of damages in the context of a default on a residential lease. We reiterate the principle that, in the absence of legislative direction to the contrary, common-law principles control and contrary to lower court authority, an assessment of damages should not require the prevailing party to mitigate damages.

In 2000 the plaintiff landlord leased a residential apartment to the defendant tenant for a term of two years. Around October 2001 the defendant vacated the apartment and ceased paying rent, which he contends was upon the plaintiff's consent. In 2003 the plaintiff commenced this action to recover damages consisting of the unpaid rent she claims was due under the terms of the parties' lease. After a nonjury trial before a Judicial Hearing Officer upon the parties' stipulation, the Supreme Court dismissed the complaint, determining that the plaintiff failed to prove that she made a serious attempt to mitigate damages. The plaintiff appeals from the judgment, and we reverse.

The Supreme Court improperly determined that the plaintiff owed the defendant a duty to mitigate damages upon the breach of the parties' residential lease. The Supreme Court relied on a line of cases stemming from the decision of the Appellate Term, Second and Eleventh Judicial Districts, in *Paragon Indus. v Williams* (122 Misc 2d 628, 629 [1983]), which, relying on federal case law, stated as follows:

> "However, following the landmark case of *Javins v First Nat. Realty Corp.* (428 F2d 1071, *cert den* 400 U.S. 925) . . . [c]ourts in this State began to acknowledge that a lease of residential premises establishes a contractual relationship with mutual obligations and that there are rules of law applicable to other agreements that should apply to leases . . . Not long thereafter, some courts extended this

reasoning to the issue of landlord's [*sic*] duty to mitigate, concluding that a landlord should indeed have such a duty . . . We now hold that a landlord has such a duty" (citations omitted).

Even within the Appellate Term this view has not been uniformly applied (*see Callender v Titus*, 4 Misc 3d 126[A], 2004 NY Slip Op 50608[U] [2004] [landlord had no duty to mitigate damages by reletting premises]). Other courts in this Department have likewise opted to not impose such a duty on a prevailing landlord (*see Duda v Thompson*, 169 Misc 2d 649 [1996]).

The Supreme Court's reliance on *Paragon Indus. v Williams* (122 Misc 2d 628 [1983]) and its progeny is misplaced. Well-settled law in this state imposes no duty on a residential landlord to mitigate damages (*see Holy Props. v Cole Prods.*, 87 NY2d 130 [1995]; *Whitehouse Estates v Post*, 173 Misc 2d 558 [1997]). As noted by the Court of Appeals in *Holy Props. v Cole Prods.* (87 NY2d at 133):

> "The law imposes upon a party subjected to injury from breach of contract, the duty of making reasonable exertions to minimize the injury . . . Leases are not subject to this general rule, however, for, unlike executory contracts, leases have been historically recognized as a present transfer of an estate in real property . . . Once the lease is executed, the lessee's obligation to pay rent is fixed according to its terms and a landlord is under no obligation or duty to the tenant to relet, or attempt to relet abandoned premises in order to minimize damages."

Although *Holy Props.* involved a commercial lease, the broad language employed and the reliance on real property principles negate the possibility that the Court of Appeals was confining its determination only to commercial leases. There is simply no basis for limiting the broad language of *Holy Props.* Moreover, in *Holy Props.*, the Court of Appeals placed great weight on the fact that the parties' lease "expressly provided that plaintiff was under no duty to mitigate damages and that upon defendant's abandonment of the premises or eviction, it would remain liable for all monetary obligations arising under the lease" and therefore concluded that "[if] the lease provides that the tenant shall be liable for rent after eviction, the provision is enforceable" (87 NY2d at 134).

Similarly, in the matter now before us, the lease between the parties provided that the defendant remains liable for the rent upon the cancellation of the lease except as provided by law. Thus, the parties agreed at the onset of the tenancy that the defendant would remain liable for rent due under the lease for its duration.

Since the Court of Appeals has not modified its rule in *Holy Props.*, nor has there been any legislative enactment which requires a contrary result, we are constrained to follow what we perceive to be established precedent that a residential landlord is under no duty to mitigate damages where the terms of the lease do not indicate otherwise.

Also at issue in this appeal is whether a surrender by operation of law of the subject premises occurred (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 692 [1986]; *Matter of Wasserman v Ewing*, 270 AD2d 427, 428 [2000]; *see also Deer Hills Hardware v Conlin Realty Corp.*, 292 AD2d 565, 565 [2002]). "Whether a surrender by operation of law has occurred is a determination to be made on the facts" (*Riverside Research Inst. v KMGA, Inc.*, 68 NY2d at 692).

Here, the Supreme Court never reached the issue of whether the plaintiff accepted the defendant's surrender of the premises subject to the parties' lease because once it determined that the plaintiff had a duty to mitigate damages, the complaint was dismissed. Accordingly, we remit the matter to the Supreme Court to make findings of fact as to whether the plaintiff accepted the surrender, and to enter judgment accordingly (*accord BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565 [1998]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Accordingly, the judgment is reversed, on the law, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, to make findings of fact as to whether the plaintiff accepted the surrender of the premises subject to the parties' lease, to conduct such other proceedings as may be necessary in accordance with this opinion, and enter judgment accordingly.

PRUDENTI, P.J., MASTRO and SANTUCCI, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the

Supreme Court, Queens County, to make findings of fact as to whether the plaintiff accepted the surrender of the premises subject to the parties' lease, to conduct such other proceedings as may be necessary in accordance with this opinion, and enter judgment accordingly.