[909 NYS2d 282]

AZOUR, LLC, Respondent, v THE TAX SISTER, INC., et al., Appellants.

Supreme Court, Appellate Term, Second Department, August 2, 2010

**APPEARANCES OF COUNSEL**

*Warren S. Hecht,* Forest Hills, for appellants. *Stephen S. Weintraub, P.C.,* Hillcrest Estates (*Stephen S. Weintraub* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the appeal from the nonpayment final judgment is dismissed as moot, as that final judgment was vacated; and it is further, ordered that the order dated January 9, 2009 is modified by vacating so much of the order as directed the immediate issuance of a holdover final judgment awarding landlord possession and arrears; as so modified, the order is affirmed without costs; and it is further, ordered that the holdover final judg-

ment, insofar as appealed from, is reversed without costs, the provisions thereof awarding landlord possession and the sum of $11,745 are vacated, and the matter is remitted to the Civil Court to make findings of fact in the holdover proceeding and determine whether landlord established its claim that tenants breached the lease by failing to tender the security deposit, and to enter a final judgment accordingly.

Landlord commenced a nonpayment proceeding and, subsequently, a holdover proceeding against tenants, pursuant to a lease which encompasses both a commercial property and a residential space. Tenants counterclaimed for damages allegedly resulting from, among other things, landlord's failure to provide heat and electricity. At trial, which the Civil Court labeled a "joint trial" of the nonpayment and holdover proceedings, it was stipulated that the rent sought in the nonpayment petition was unpaid, and landlord presented a notice to cure, notice of termination and holdover petition, all of which were based upon tenants' alleged failure to pay a security deposit pursuant to the terms of the lease. Although the answer had denied that a rent demand had been made, landlord did not present proof of a rent demand in support of its nonpayment proceeding. In its oral decision after the "joint trial," the Civil Court stated that, in this "holdover proceeding," landlord sought rent payments and possession of the premises, and described tenants' complaints regarding, among other things, electrical service to the building. The Civil Court found that landlord met its "burden of proof" and that tenants' complaints were not supported by credible evidence. A final judgment was thereupon entered bearing the index number of the nonpayment proceeding, awarding landlord possession and the sum of $11,745, and dismissing tenants' counterclaim.

Subsequently, landlord moved for an order consolidating the two summary proceedings, discontinuing its cause of action in the nonpayment summary proceeding, and directing that a warrant be issued and executed forthwith. The court granted landlord's motion to the extent of consolidating the holdover and nonpayment summary proceedings, granting landlord leave to discontinue its cause of action in the nonpayment proceeding, and directing the immediate issuance of a holdover final judgment. Thereafter, a final judgment was entered which was identical to the previously entered final judgment except that it bore the index number of the holdover proceeding instead of that of the nonpayment proceeding.

██ On appeal, tenants argue that landlord commenced inconsistent proceedings—a nonpayment proceeding and, subsequently, a holdover proceeding—and, thus, that the holdover proceeding should have been dismissed. However, the nonpayment proceeding was commenced prior to the termination of the lease and sought pretermination arrears and therefore the proceedings were not necessarily inconsistent. In any event, inconsistent causes of action for nonpayment of rent and holding over after the termination of a tenancy may be pleaded in the alternative (*see Matter of Kern v Guller*, 40 AD3d 1231 [2007]). Accordingly, the Civil Court properly allowed the nonpayment proceeding and the holdover proceeding to be prosecuted simultaneously.

██ The proceeding is described by the Civil Court in its decision after trial only as a holdover proceeding. This characterization is supported by landlord's failure to submit evidence at trial demonstrating its entitlement to judgment in its nonpayment proceeding, as well as the Civil Court's post-judgment order granting landlord's motion to discontinue its cause of action in the nonpayment proceeding. Nevertheless, contrary to landlord's contention on appeal, the holdover judgment is based solely upon the court's finding that tenants failed to pay rent, which failure was not the basis for landlord's holdover proceeding. The Civil Court made no findings as to the basis for the holdover proceeding, i.e., tenants' alleged failure to pay the security deposit. Consequently, we vacate the provisions of the holdover final judgment awarding landlord possession and arrears, and remit the matter to the Civil Court to make findings of fact in the holdover proceeding and to determine whether landlord established its claim that tenants breached the lease by failing to pay the security deposit, and to enter a final judgment accordingly (*cf. Rios v Carrillo*, 53 AD3d 111 [2008]).

Tenants allege a defense of breach of the warranty of habitability, due to failures in the electrical service to the building, which interfered with their business conducted in the commercial premises. The warranty-of-habitability defense does not apply to commercial property (*see Bomze v Jaybee Photo Suppliers*, 117 Misc 2d 957, 958 [App Term, 1st Dept 1983]). It is noted that the Civil Court did not allow tenants to proffer evidence of damages in support of their counterclaim, which was based upon an alleged loss of business and equipment due to the electrical failures, because there is a provision in the lease precluding tenants from bringing a counterclaim. Tenants have

not argued on appeal that this was error or that their counter-claim should not have been dismissed. Consequently, as limited by their brief, tenants have not appealed from so much of the holdover final judgment as dismissed their counterclaim.

In view of the foregoing, the appeal from the nonpayment final judgment is dismissed as moot, the holdover final judgment, insofar as appealed from, is reversed, the provisions thereof awarding landlord possession and arrears are vacated, and the matter is remitted to the Civil Court to make findings of fact with respect to landlord's holdover cause of action and for a determination thereof, and to enter a final judgment accordingly.

PESCE, P.J., GOLIA and RIOS, JJ., concur.