Roosevelt Lee 38 LLC v Born Star Am. Corp. (2025 NY Slip Op 00799)

Roosevelt Lee 38 LLC v Born Star Am. Corp.

2025 NY Slip Op 00799

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 451916/20 Appeal No. 3657 Case No. 2024-00992 

[*1]Roosevelt Lee 38 LLC, Plaintiff-Appellant-Respondent,
v
Born Star America Corp., et al., Defendants-Respondents-Cross-Appellants.

Smith Carroad Wan & Parikh, P.C., Smithtown (Kevin M. Knab of counsel), for appellant-respondent.
Maher & Pittell, LLP, Bayside (Jeffrey Pittell of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 9, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability against defendant tenant Born Star America Corp., denied defendants' cross-motion for summary judgment on the counterclaim for return of tenant's security deposit, and granted defendants' cross-motion for summary judgment dismissing the complaint as against defendant Hannah Kum Hong, unanimously affirmed, with costs.
The motion court properly granted plaintiff landlord summary judgment as to liability on the claim for unpaid rent against defendant tenant. Paragraph 48(A) of the lease rider expressly requires tenant to pay all amounts due under the lease irrespective of whether the lease was terminated (see e.g. Holy Props. v Cole Prods., 87 NY2d 130, 134 [1995]). Defendants did not deny that some amount was due and owing following tenant's entry into a stipulation of settlement in an earlier nonpayment proceeding involving the parties, only that the default should have been ascribed to a breach of the stipulation rather than a breach of the lease. Because the purpose of the stipulation was to settle the rent arrears, tenant's breach "deprived plaintiff of the benefit of [its] bargain in agreeing to settle that action" (Muniak v KH 48 LLC, 225 AD3d 498, 498 [1st Dept 2024]). Defendants' assertion that the breach of the lease was cured by entering into the stipulation is incorrect, as the stipulation provides that the agreed-upon judgment would be deemed satisfied upon the full payment of the amounts due under the stipulation, which did not happen; thus, the stipulation did not vitiate tenant's liability for the amounts due under the lease (see e.g. 3rd & 60th Assoc. Sub LLC v Zavolunov, 223 AD3d 488, 490 [1st Dept 2024]).
The court properly determined that plaintiff was entitled to summary judgment as to liability only, as plaintiff's moving papers failed to explain how it calculated the purported balance due (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Although plaintiff submitted, among other things, a rent ledger and the above-described stipulation, those documents failed to establish the amounts due, and defendants' papers further challenged the calculation, including whether the security deposit should be returned. Contrary to defendants' contention, the claim for rent arrears was not barred by res judicata, as the claim relied "on conduct alleged to have occurred after the commencement of the prior action" (UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 476 [1st Dept 2011]).
As to plaintiff's contention that the court should have granted it summary judgment on its unpleaded claim against Hong rather than dismiss the complaint against her, plaintiff failed to establish that it stated a claim for breach of the guaranty (see generally Davimos v Halle, 35 AD3d 270, 272 [1st Dept 2006]). We find that although [*2]a guaranty signed by Hong appears in the record, neither the complaint nor the affidavit of plaintiff's managing member made any allegations with respect to the guaranty or any conduct or lack thereof by Hong to establish the elements of the claim; nor were any arguments in support of the claim raised before the motion court. Therefore, dismissing the complaint against Hong was appropriate (see CPLR 3212[b]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025