**208-216 E. 82nd St. Owners Corp. v Sazonov**

2025 NY Slip Op 31474(U)

April 24, 2025

Supreme Court, New York County

Docket Number: Index No. 651298/2024

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

208-216 EAST 82ND STREET OWNERS CORP.

Plaintiff,

- v -

YEVGENIY SAZONOV,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651298/2024 |
| **MOTION DATE** | 04/23/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 40, 41, 42

were read on this motion to/for                    SUMMARY JUDGMENT                    .

Plaintiff's motion for summary judgment is granted as described below.

**Background**

In this commercial lease matter, plaintiff contends that defendant entered into a commercial lease on November 2, 2007 followed by a renewal on December 1, 2017. It contends that the renewal was to terminate on November 30, 2022 but that defendant vacated the premises in July 2021 without the landlord's approval and stopped making the required monthly rental payments. Plaintiff says defendant owes $106,587.50 (when including a $7,500 credit from defendant's security deposit). Plaintiff also seeks reasonable legal fees. In support of the motion, plaintiff attaches an affidavit from its president, Mr. Sassouni, who contends that defendant has not made any payments toward its unpaid arrears (NYSCEF Doc. No. 25).

In opposition, defendant contends that plaintiff had a duty to mitigate its damages once he left the premises. He also maintains that there is a question of fact regarding whether the plaintiff re-let the premises and how that could offset the amount of damages sought by plaintiff.

**651298/2024   208-216 EAST 82ND STREET OWNERS CORP. vs. SAZONOV, YEVGENIY**
**Motion No.  001**

Page 1 of 4

[* 1]

Defendant contends that plaintiff failed to obtain a certificate of occupancy and that the COVID-19 pandemic prohibits plaintiff from recovering the outstanding rent. He also argues that his counterclaim should not be dismissed because plaintiff failed to attach a complete set of the pleadings to its motion for summary judgment.

In reply, Mr. Sassouni observes that defendant admitted (in his response to the statement of material facts) that he owes unpaid rent. He argues that when defendant gave the keys to plaintiff is irrelevant and that plaintiff had no duty to mitigate its damages. Mr. Sassouni insists that the premises were not rented out again until October 1, 2024 (long after the expiration of the lease renewal cited above). With respect to the certificate of occupancy issue, Mr. Sassouni points out that the document uploaded by defendant in opposition is for a different building.

**Discussion**

The Court grants the motion. Plaintiff met its burden through the affidavit of its president to show that defendant owes $106,587.50 in unpaid rent. Defendant failed to raise a material issue of fact in opposition. As an initial matter, defendant did not attach anything from someone with personal knowledge to contest the affidavit from plaintiffs' president; an attorney's affirmation is not sufficient. And plaintiff established in reply (again through the affidavit of its president) that the commercial space at issue was not re-let until well after the expiration of defendant's lease term. Defendant did not provide anything in opposition to raise an actual issue of fact about the occupancy of the unit. Of course, contrary to defendant's contention in opposition, plaintiff (as a commercial landlord) had no duty to mitigate its damages (*Holy Properties Ltd., L.P. v Kenneth Cole Productions, Inc.*, 87 NY2d 130, 134 [1995]).

Defendant's argument about the failure to attach the pleadings is without merit as this is an e-filed case and plaintiff did attach the answer to its motion papers as exhibit C (*see* NYSCEF

**651298/2024   208-216 EAST 82ND STREET OWNERS CORP. vs. SAZONOV, YEVGENIY**     **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

Doc. No. 30). Similarly, the certificate of occupancy issue does not compel the Court to deny the motion as the defendant did not establish a proper foundation for the admissibility of the document he uploaded as an exhibit to his opposition. He did not explain where he obtained this document or why the Court should consider its veracity. And, as plaintiff pointed out in reply, the certificate of occupancy appears to reference a different building.

Defendant's argument that, essentially, the COVID-19 pandemic justifies his nonpayment is wholly without merit as many Courts have found that the pandemic is not a basis to excuse the non-payment of rent (*see e.g., 558 Seventh Ave. Corp. v Times Sq. Photo Inc.,* 194 AD3d 561, 562 [1st Dept 2021] [noting that the pandemic did not frustrate the purpose of the lease]).

And, finally, the Court finds that defendant admitted that he owes the money in his response to plaintiff's statement of material facts (*see* NYSCEF Doc. No. 38, ¶ 16). Therefore, the Court awards plaintiff $106,587.50 plus interest from March 13, 2024 (as requested by plaintiff in the notice of motion). The Court observes that defendant's counterclaim for the return of the security deposit is dismissed as plaintiff already applied it as a credit when calculating its damages.

Plaintiff is also entitled to reasonable legal fees as provided for in paragraph 19 of the lease (NYSCEF Doc. No. 10). Plaintiff shall therefore make a motion for such fees on or before May 21, 2025. Based on the motion, the Court will assess whether or not a hearing is required.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted, defendant's affirmative defense and counterclaim are severed and dismissed and the Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $106,587.50 plus statutory

**651298/2024  208-216 EAST 82ND STREET OWNERS CORP. vs. SAZONOV, YEVGENIY**          **Page 3 of 4**
    **Motion No.  001**

3 of 4

interest from March 13, 2024 along with costs and disbursements upon presentation of proper papers therefor; and it is further

ORDERED that the issue of reasonable legal fees is severed and plaintiff shall make a motion for such fees on or before May 21, 2025.

| __4/24/2025__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651298/2024   208-216 EAST 82ND STREET OWNERS CORP. vs. SAZONOV, YEVGENIY**          **Page 4 of 4**
  **Motion No.  001**

4 of 4

[* 4]