32 N.J. Super. 81 (1954)
107 A.2d 828
200 WASHINGTON STREET CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BELTONE HEARING SERVICE, A CORPORATION OF THE STATE OF NEW JERSEY, AND WILLIAM C. HERRMANN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 17, 1954.
*82 Messrs. Mac Fall and Fishler (Mr. Bennett H. Fishler, Jr., appearing), for the defendant Beltone Hearing Service.
Mr. Charles Trachtenberg, for the defendant William C. Herrmann.
Messrs. Milton M. and Adrian M. Unger (Mr. Milton M. Unger, appearing), for the plaintiff.
CONLON, J.C.C. (temporarily assigned).
The facts are not materially in dispute. By lease dated October 26, 1950 plaintiff leased the store premises at No. 61 Academy Street, Newark, New Jersey, to the defendant William C. Herrmann for a term of three years commencing November 1, 1950 and terminating October 31, 1953. On August 8, 1952 defendant Herrmann, with the consent of the plaintiff, assigned the lease to the defendant Beltone Hearing Service (hereinafter called Beltone). In September and October 1953 there was an exchange of correspondence between the plaintiff and Beltone to the effect that the latter would not renew the lease and enclosing a key so that the landlord might exhibit the premises to prospective tenants. There was no formal notice of intention to quit served by the tenant and no demand for possession made by the landlord. The plaintiff contends *83 that after the termination of the lease Beltone failed to remove all of its property and hence was guilty of holding over and sues to recover double rent for the months of November and December 1953 and January 1954.
In response to a motion by the defendant Beltone for a more definite statement of its complaint, the plaintiff replied that the action was brought under the provisions of N.J.S. 2A:42-5, which provided that double rent shall be recoverable:
"If a tenant of real estate shall give notice of his intention to quit the premises by him held at a time specified in such notice, and shall not deliver up the possession * * *."
In the instant case there was no notice of intention to quit served by the tenant. Such a notice is appropriate only where the letting is terminable at periodic intervals. That this is so is evidenced by the following section of the statute (N.J.S. 2A:42-6) which provides that the tenant shall be liable for double the yearly value of the real estate:
"When a tenant for any term * * * willfully holds over any such real estate after the determination of such term and after demand made and notice in writing for delivering the possession thereof, given by his landlord or lessor * * *."
The two statutes must be read together and when that is done it becomes clear that two separate contingencies are provided wherein the penalty of extra rent may be imposed upon a tenant: (a) when he holds over during a periodic term after having given a notice of his intention to quit, and (b) when he holds over after the termination of a letting for a definite term and after the landlord has made demand for possession in writing.
In the case before us neither statutory remedy is available to the plaintiff since as to the first the letting was not for a periodic term and there was no notice of an intention to quit and as to the second while the letting was for a definite term there was no demand for possession made by the lessor.
*84 These statutes are of ancient origin and are substantially counterparts of those of 4 Geo. II, c. 28, par. 1, and 11 Geo. II, c. 19, par. 18. Ancona Printing Co. v. Welsbach Co., 92 N.J.L. 204 (E. & A. 1918). They have counterparts in other jurisdictions, and in New York the above principles were expressly approved in Lerner v. Wolf, 200 N.Y.S. 368, 370 (App. Div. 1923), wherein the court said:
"This statute has a rather curious history, and has apparently been much misunderstood by both codifiers and commentators. It will be observed, on reference to the Real Property Law, that section 229 provides the penalty of double rent against a tenant who gives notice of his intention to quit and does not thereafter do so. Section 230 (repealed by Laws 1920, c. 138) provides a similar penalty, `where on the termination of an estate for life, or for years, the person entitled to possession demands the same, * * * if the tenant * * * willfully holds over.' In this apposition it is evident that section 229 relates solely to tenancies of indefinite continuance, which may be terminated by the tenant's giving a technical `notice of intention to quit,' and section 230 relates solely to tenancies which have a fixed ending by their very terms. * * *
Finally, it is to be observed that in the instant case there was no `notice of intention to quit,' but a mere reply to an inquiry by the landlord. This consideration merely emphasizes the fact that section 229 does not apply where the tenant merely as matter of courtesy, for the convenience of the landlord, apprise the latter of his possible inclination toward a future tenancy after the expiration of a fixed term, but is confined to cases of indeterminate tenancies, where the tenant's notice of intention to quit has a juridical cognizable significance."
To the same effect is Regan v. Fosdick, 19 Misc. 489, 43 N.Y.S. 1102 (App. Div. 1897).
For the reasons hereinabove expressed the plaintiff is precluded from recovering double damages. However, its claim for actual damages, if any, still persists. For that reason the complaint in its present form will be stricken with the right to the plaintiff to amend the complaint as against both defendants by alleging actual damage by way of loss of rent or use and occupation.