J. B., PLAINTIFF, v. G. B., DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 22, 1970.

*Mr. Lawrence S. Schwartz,* argued the cause for plaintiff. (*Messrs. Schwartz and Del Plato,* attorneys).

*Mr. Robert C. Neff,* argued the cause for defendant. (*Messrs. Meth and Wood,* attorneys.)

CONSODINE, J. C. C. (temporarily assigned). ■ Plaintiff sues for annulment alleging impotence. Defendant counterclaims for divorce on the ground of extreme cruelty.

On the testimony before me, including medical testimony, I find: 1) The marriage was never consummated. 2) Defendant was ready, willing and able to consummate the marriage. 3) Plaintiff could not consummate the marriage with this defendant. 4) There was no cruelty, extreme or otherwise, by plaintiff to defendant. 5) The condition of defendant's health when the parties separated was attributable only to the inability of plaintiff to consummate the marriage. 6) Plaintiff had no knowledge prior to the marriage of his inability to consummate the marriage.

Our rules (Part IV) govern the practice and procedure of civil actions in this court. *R.* 4:1.

*R.* 4:9–2 allows the court to amend the pleadings to conform to the evidence. *R.* 4:42–6 requires that a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled even though he has not demanded such relief in his pleadings, provided the parties have been given an adequate opportunity to be heard as to the relief granted. See *Ford v. Reichert,* 23 *N. J.* 429 (1957). There was such opportunity availed by the parties.

■ The impotent party to a marriage can bring an annulment action. Such an action is not limited on the facts herein to the potent rather than the impotent spouse. *N. J. S. A.* 2A:34–1; *D* (otherwise *C*) *v. C.,* 91 *N. J. Super.* 562 (Ch. Div. 1966); 12 *N. J. Practice (Herr-Lodge, Marriage, Divorce & Separation),* § 1424, at 36 (1963); *Harthan v. Harthan,* 2 *All E. R.* 639 (1948); *A. v. A.* (sued as *B*), 19 *L. R. Ir.* 403 (1887); *F. v. F., S. C.* 202 (*Scot.* 1945).

A judgment of annulment to both parties is without precedent in New Jersey. However, such a decree is not unusual in England. See *H. v. H.* (otherwise *N*) 98 *L. J. P.* 155; 45 *T. L. R.* 618 (*Prob. Div. & Adm. Div.* 1929); *G. v. G., Prob.* 173 (1912).

Under the general equity power of this court, judgment of annulment is granted to each party against the other.