■ SYNDICATE BUILDING CORP., Appellant, v FRED LORBER, Respondent, et al., Defendants.—Judgment, Supreme Court, New York County (Irving Kirchenbaum, J.), entered January 9, 1986, after a trial to determine damages, which limited plaintiff-appellant's award of damages to four months' rent or approximately $2,500, reversed, on the law and the facts, and the matter is remanded for a new trial limited to the issues of whether plaintiff-appellant acted in good faith, and whether there are mitigating circumstances, without costs.

Defendant-respondent Fred Lorber and defendant William Blitz, as copartners doing business as Blitz & Lorber Reporting Company, occupied space in the premises located at 13-21 Park Row in Manhattan under a lease due to expire on August 31, 1981. Lorber and Blitz signed the lease individually, as well as jointly and severally as copartners in their court reporting business. In August 1978, they had a parting of the ways and, on consent of plaintiff-appellant landlord, partitioned the premises. Lorber and Blitz agreed to apportion responsibility for the rent. For six months Lorber apparently tendered his proportionate share of the rent to plaintiff landlord which, after the first month, plaintiff refused to accept. Lorber apparently vacated the premises in July 1979.

In July 1982, plaintiff commenced this action, by service of a summons and amended verified complaint, to recover approximately $35,000 in damages, representing rent due from August 1, 1978 through August 31, 1981, when the lease expired. Plaintiff named as defendants: Lorber, Blitz and Blitz Lorber Reporting Company. Lorber answered the plaintiff's amended complaint, asserting the affirmative defense of payment, and cross-claiming against Blitz. Plaintiff inexplicably moved for summary judgment only against Lorber, and not against the codefendants Blitz and Blitz-Lorber Reporting Company.

Special Term let the affirmative defense stand, but granted the motion for summary judgment on the issue of liability. The court directed a trial on the issues of damages and reasonable attorney's fees. The trial was held on July 25 and 26, 1984, and resulted in the judgment appealed from.

We conclude that the trial court erred in relying upon plaintiff's failure to mitigate damages. Although courts in this State have recently imposed the duty to mitigate damages upon residential landlords (*Paragon Indus. v Williams,* 122 Misc 2d 628 [App Term, 2d Dept 1983]; *Parkwood Realty Co. v Marcano,* 77 Misc 2d 690 [Civ Ct, Queens County 1974]; *but*

*see, Birchwood Assn. v Stern,* 86 Misc 2d 607 [Civ Ct, Queens County 1976], *affd* 88 Misc 2d 937 [App Term, 2d Dept 1976]), there are no such holdings and the contrary is true, in the context of commercial leases. *(Sancourt Realty Corp. v Dowling,* 220 App Div 660 [1st Dept 1927]; *Centurian Dev. v Kenford Co.,* 60 AD2d 96 [4th Dept 1977]; *compare, Howard Stores Corp. v Robison Rayon Co.,* 36 AD2d 911 [1st Dept 1971].)

A new trial must be held because the damages awarded lack support in the record. Furthermore, triable issues of fact are presented, not reached by the court, as to the existence of mitigating circumstances, i.e., whether Blitz made any payments towards the rent due after August 1, 1978, and whether there was an agreement between plaintiff and Blitz that would affect the appropriate measure of damages.

Lorber did not waive the defense of mitigating circumstances since it is provable, although not pleaded as an affirmative defense. *(McClelland v Climax Hosiery Mills,* 252 NY 347, 355 [1930] [Cardozo, Ch. J., concurring].) Lorber preserved the defense to the extent necessary by asserting the affirmative defense of payment. In any event, the disparate treatment of the defendants by plaintiff furnishes sufficient cause for further inquiry concerning the proper measure of damages. Concur—Kupferman, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.