■ MITCHELL & TITUS ASSOCIATES, INC., Respondent, v MESH REALTY CORP. et al., Appellants. (And a Third-Party Action.)—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on February 3, 1989, which, *inter alia,* granted summary judgment to plaintiff for rent due on a commercial lease, is unanimously affirmed, without costs.

The alleged oral agreement to terminate the sublease is barred by the Statute of Frauds (General Obligations Law § 5-703 [2]), and the circumstances do not warrant an equitable estoppel. Defendants subtenants knew that they would be

liable on the sublease if the proposed new subtenant could not consummate a new sublease with plaintiff prime tenant, yet they moved out of the premises before a new sublease was even submitted to plaintiff. " '[T]he alleged reliance on the oral agreement is no more than the usual situation of parties who orally agree on a deal, intending that there shall be a written contract, and then at the point of signing, one of the parties backs out.' " *(American Bartenders School v 105 Madison Co.,* 91 AD2d 901, 902, *affd* 59 NY2d 716, quoting *Youz Films v Just Born,* 69 AD2d 778; *see also, Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318.) Further, in a commercial lease the lessor is not under a duty to mitigate damages *(Syndicate Bldg. Corp. v Lorber,* 128 AD2d 381). We have reviewed defendants' remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.