OPINION OF THE COURT
Ralph W. Sparks, J.
This action was commenced by the plaintiff for the unpaid balance due upon a commercial lease that was entered into between the parties that ran from January 1, 1989 to December 31, 1990 at $1,000 monthly. On or about June 27, 1989 the plaintiff instituted a nonpayment proceeding for June 1989 rent. The petition was amended to include July and August 1989 rent. Defendants counterclaimed for failure of plaintiff to provide water services. After trial, the court entered judg *647 ment, for plaintiff, in the amount of $3,000 for June, July and August 1989 rents and, on defendants’ counterclaim, for $68, leaving a balance of $2,932 to be paid by defendants. The defendants failed to make payment and a warrant of eviction was issued on August 21,1989. Thereafter, defendants vacated the premises pursuant to service of the warrant.
On or about August 2, 1990, plaintiff instituted this plenary action for the remainder of rent due under the term of the lease, claiming that he is entitled to the entire rent under the term, even though it has not yet expired, and that he is not required to mitigate his damages. Plaintiff concedes to holding a security deposit of $2,000. Additionally, defendants counterclaim for return of security and for the value of equipment which defendants were not allowed to remove from the premises.
The issues presented to the court in this proceeding are whether the plaintiff was required to plead and prove mitigation of damages, and whether he may sue for the balance of the term before the expiration of the term. The law traditionally was that where the action was brought upon the rental agreement which had expired and which had not been terminated or canceled in any way there was no duty to mitigate (Matter of Hevenor, 144 NY 271 [1895]), and that if the agreement was terminated or canceled in any way, then what survived was liability for damages, not rent, thereby requiring landlord to plead and prove mitigation of his damages (Cox v Dorlon Assocs., 113 Misc 2d 670 [Dist Ct, Nassau County 1982]).
However, under the emerging modern rule, which we follow, the trend is to also place an affirmative duty on the landlord to mitigate his loss, even where he elects to sue upon the agreement where possession was surrendered by the tenant for any reason. (See, e.g., Rubin v Dondysh, 146 Misc 2d 37 [Civ Ct, Queens County 1989], where Judge David Goldstein [now Justice Goldstein, Sup Ct, Queens County] gives an eloquent historical summary of the traditional rule and its evolution, and substantiates why a landlord should be required to mitigate damages even if he were suing on an agreement [residential or commercial] where tenant surrendered possession; see also, Parkwood Realty Co. v Marcano, 77 Misc 2d 690 [Civ Ct, Queens County 1974]; Paragon Indus, v Williams, 122 Misc 2d 628 [1983].)
 In the instant case, the term has not yet expired *648 therefore, plaintiff’s action is premature and must be dismissed. Further, the court finds that the rental agreement was canceled pursuant to defendants’ vacatur after service of the warrant. Therefore, plaintiff is required to plead and prove mitigation of damages, notwithstanding whether the traditional or modern rule is applied. Moreover, the court finds that the defendants are not entitled to the return of their security deposit at this time. It is well established that an action for the return of security is premature where the term has not yet expired. (Cox v Dorlon Assocs., supra, at 672.) However, the court found that plaintiff converted certain property of the defendants, and the court finds for defendants in the amount of $2,600 on their counterclaim.
Therefore, judgment is rendered herein in favor of the defendants against the plaintiff in the amount of $2,600.