OPINION OF THE COURT
Memorandum.
Order entered December 27, 1989 unanimously reversed without costs, plaintiffs motion for summary judgment granted, defendant’s counterclaim dismissed and matter remanded to the court below for a hearing on the issue of the amount of reasonable attorney’s fees incurred by plaintiff.
Appeal from order entered May 2, 1990 dismissed as academic.
Plaintiff, the landlord of the subject commercial premises, rented same to defendant as a professional office. Defendant vacated the premises prior to the expiration of the lease and plaintiff commenced.the instant action to recover the sum of $18,200 representing rent accruing after defendant had vacated the premises. Plaintiff also sought to recover reasonable attorney’s fees. Defendant interposed an answer wherein he denied any liability and counterclaimed for the sum of $60,000 representing the cost of renovations that he performed to the subject premises in reliance upon plaintiffs statement that the premises were suitable for use as a professional office. The plaintiff moved for summary judgment and the lower court denied the motion on the ground that issues of fact exist as to whether plaintiff had attempted to rerent the premises and thereby mitigate damages, whether the defendant had been induced to enter into the lease by reason of plaintiffs fraudulent representations to the effect that the premises could legally be used as a professional office, whether the defendant was compelled to vacate the premises by reason of plaintiffs failure to obtain a proper certificate of occupancy permitting the premises to be used as a professional office and whether the plaintiff had accepted the defendant’s surrender of the premises so as to relieve the defendant of the obligation to pay rent. However, although there may be a duty placed upon residential landlords to attempt to rerent and thereby mitigate damages, no such requirement exists in the context of commercial leases (Syndicate Bldg. Corp. v Lorber, 128 AD2d 381; Mitchell & Titus Assocs. v Mesh Realty Corp., 160 AD2d 465). Furthermore, the lease in question did not condition the defendant’s obligation to pay rent upon plaintiff *659 obtaining a proper certificate of occupancy and there is no indication that the defendant’s beneficial enjoyment of the premises was adversely affected by the failure of the plaintiff to obtain a proper certificate. Accordingly, there was no basis for defendant vacating the premises and defendant was not relieved of his obligation to pay rent (see, 56-70 58th St. Holding Corp. v Fedders-Quigan Corp., 5 NY2d 557). In this regard, it should be noted that it appears that prior to defendant vacating the premises, plaintiff had applied for an amended certificate permitting the premises to be used as a professional office. Shortly after defendant vacated, a proper certificate was in fact issued.
As to whether plaintiff had accepted the defendant’s surrender of the premises, the defendant’s allegation that he had sent the plaintiff the keys was insufficiént to raise an issue warranting a denial of the motion for summary judgment (see, 74 NY Jur 2d, Landlord and Tenant, § 798). Finally, plaintiff is entitled to recover reasonable attorney’s fees pursuant to paragraph twentieth of the lease. Accordingly, the determination of the lower court should be reversed and summary judgment awarded in favor of the plaintiff.
Kassoff, P. J., Pizzuto and Santucci, JJ., concur.