■ SAGE REALTY CORPORATION, Appellant, v KENBEE MAN-AGEMENT-NEW YORK, INC., et al., Respondents.—Order, Supreme Court, New York County (Carol Arber, J.), entered on or about October 7, 1991, which denied the plaintiff's motion for summary judgment pending a hearing to determine what efforts were made by the plaintiff to mitigate damages, whether those efforts were reasonable and diligent and the amount of damages to be awarded, unanimously reversed, on the law, and the plaintiff's motion for summary judgment is granted, without costs.

The plaintiff instituted this action to recover damages for the alleged default of the defendant Kenbee Management-New

York, Inc. under a commercial lease between the plaintiff, as landlord, and the defendant Kenbee, as lessee. The defendant RW&K Realty, Inc. is the successor in interest to the Kenrich Corporation, which had guaranteed the performance of Kenbee under the lease.

In opposition to the plaintiff's motion for summary judgment, the defendants conceded their liability for the breach of the parties' agreements, but contended that the plaintiff failed to mitigate its damages after Kenbee vacated the premises. In reply, the plaintiff maintained that it had attempted to relet the space but that those attempts were unsuccessful. The Supreme Court, concluding that the plaintiff undertook the duty to rerent the premises and, therefore, to mitigate damages, denied the plaintiff's motion for summary judgment pending a hearing to determine what efforts the plaintiff made to rerent the premises, whether those efforts were reasonable and diligent and the amount of damages to be awarded.

The Supreme Court erred in denying the plaintiff's motion for summary judgment. This court has repeatedly held that "in a commercial lease the lessor is not under a duty to mitigate damages" (*Mitchell & Titus Assocs. v Mesh Realty Corp.*, 160 AD2d 465, 466, citing *Syndicate Bldg. Corp. v Lorber*, 128 AD2d 381). Moreover, contrary to the conclusion reached by the Supreme Court, the assumption of duty doctrine does not apply to preclude an award of summary judgment to a commercial landlord who voluntarily attempts to mitigate damages.

We have considered the defendants' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.