In re **AMES DEPARTMENT STORES, INC., Eastern Retailers Service Corporation, et al., Debtors.**

**BOND STREET ASSOCIATES LIMITED, Plaintiff,**

v.

**The TJX COMPANIES, INC., Defendants.**

**Reorganization Nos. 90 B 11233 to 90 B 11285 (JAG). Adv. No. 91–6699A.**

United States Bankruptcy Court, S.D. New York.

Aug. 10, 1993.

Luc A. Despins, Skadden, Arps, Slate, Meagher & Flom, New York City, for debtors.

Ira Levine Kirschenbaum & Kirschenbaum, P.C., Garden City, NJ, for plaintiff.

Douglas H. Meal, Ropes & Gray, Boston, MA, for defendants.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.*

This matter is before the Court upon the motion of TJX Companies, Inc. ("TJX") for this Court to reconsider its ruling issued in *Bond Street Assoc., Ltd. v. TJX Cos.*, 148 B.R. 756 (Bankr.S.D.N.Y.1993). Therein, this Court granted partial summary judgment as to TJX's liability to Bond Street Associates, Ltd. ("Bond Street") on Count I of the Complaint, but left the issue of damages open. TJX moves for reconsideration on several grounds which this Court will take in order.

*Genuine Issue of Material Fact as to Termination of Lease by Bond Street.*

■ TJX first complains that this Court weighed the evidence and decided the facts which, at this stage, would be improper. After carefully reviewing the pleadings submitted in connection with this matter and the underlying motion for summary judgment, it appears that when originally deciding this issue, this Court looked to TJX's argument regarding the filing of the proof of claim as having legal ramifications, rather than as evidence itself of a termination. When viewed in this light, there is in fact a disputed factual issue as to whether the Lease has been terminated, and therefore this Court's previous order granting summary judgment for Bond Street shall be vacated, and summary judgment shall hereby be denied.[1]

*Mitigation of Damages Under New York Law.*

■ This Court has also reviewed it decision regarding Bond Street's duty to mitigate damages under New York state law and concludes that, as a commercial lessor, Bond Street is under no obligation to do so. Although this is a harsh rule and one which this Court does not necessarily endorse, it is the state of the law in New York today. A few lower courts have begun to utilize a more "modern" rule by imposing a mitigation obligation. *Grays v. Brooks,* 148 Misc.2d 646, 561 N.Y.S.2d 515 (N.Y.Civ.Ct. 1990); *Forty Exchange Co. v. Cohen,* 125 Misc.2d 475, 479 N.Y.S.2d 628 (N.Y.Civ.Ct. 1984). However, one case cited by TJX, which itself has been the basis for other courts' decisions to impose a mitigation obligation, has been reversed. *Rubin v. Dondysh,* 146 Misc.2d 37, 549 N.Y.S.2d 579 (N.Y.Civ.Ct.1989), *rev'd,* 153 Misc.2d 657, 588 N.Y.S.2d 504 (N.Y.Sup.1991). Recent Appellate Division cases have confirmed the traditional rule that commercial lessors have no duty to mitigate upon tenants' abandonment. *Rubin v. Dondysh, supra* (2d Dept.); *Sage Realty Corp. v. Kenbee Management–New York, Inc.,* 182 A.D.2d 480, 582 N.Y.S.2d 182 (1st Dept.1992); *Centurian Dev. Ltd. v. Kenford Co., Inc.,* 60 A.D.2d 96, 400 N.Y.S.2d 263 (4th Dept. 1977). *But cf., Paragon Industries, Inc. v. Williams,* 122 Misc.2d 628, 473 N.Y.S.2d 92 (N.Y.App.Term 2d Dept.1983) (involving *residential* lease). Therefore, this Court in good faith cannot conclude that Bond Street must mitigate its damages under New York law.

*TJX's Status as Surety and Entitlement to Defense of Federal Law Calculation of Damages.*

■ Finally, TJX argues that this Court's decision that it is not a surety for

---

* Sitting by designation.

1. TJX's argument regarding its lack of discovery is thereby mooted by this discussion.

Ames' performance under the lease should be reconsidered. However, even assuming that TJX is a surety, the particular defense claimed is not available to TJX because it is personal to Ames. TJX has cited no case for its proposed standard for determining when a defense should be considered "personal" to an obligor. This Court finds that Ames' ability to utilize a federal calculation of damages is solely a consequence of its reorganization proceeding, thereby rendering this defense as personal to Ames as other bankruptcy-related defenses. *See, e.g., Aaron v. Bankers & Shippers Ins. Co.,* 475 So.2d 379 (La.Ct.App.1985) (surety prohibited from using automatic stay as defense because it is personal to debtor/principal); *American Oil Co. v. Valenti,* 179 Conn. 349, 426 A.2d 305 (1979) (bankruptcy discharge is a personal defense unavailable to surety).

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall issue.

### *ORDER*

In accordance with a Memorandum of Decision executed on even date herewith, and upon reconsideration of this Court's previously-entered order dated January 12, 1993, granting partial summary judgment to Bond Street Associates Ltd. (the "January 12, 1993 Order"), it is hereby

ORDERED that the January 12, 1993 Order is hereby vacated, and it is further

ORDERED that summary judgment shall be denied, consistent with the accompanying Memorandum of Decision, on the basis that there exist genuine issues of material fact, and it is further

ORDERED that the parties shall be responsible for scheduling a telephonic final pretrial conference in order to establish a trial date.