■ 1133 BUILDING CORP., Respondent, v KETCHUM COMMUNICATIONS INC., Appellant. [638 NYS2d 450] —Order, Supreme Court, New York County (Joan Lobis, J.), entered June 23, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment on its first cause of action to the extent of finding defendant liable and referring the issue of damages, and order of the same court and Justice, entered August 17, 1995, which denied defendant's motion for renewal, unanimously affirmed, with costs.

Defendant, a subtenant of Eastman Kodak Company which had agreed expressly to be bound by all the provisions and restrictions in Kodak's main lease with plaintiff-landlord, remained in possession of the sublet premises, the 44th floor of the building in question, for one month beyond the expiration of both the sublease and the main lease, without the permission of plaintiff-landlord or Kodak. As a result, Kodak was unable to timely surrender possession of its leased premises, consisting of floors 41 through 45, to plaintiff-landlord. Accordingly, defendant is liable to plaintiff for the use and occupancy of Kodak's leasehold interest (floors 41 through 45) for the holdover period, not solely for the 44th floor it sublet and occupied (*see, Syracuse Assocs. v Touchette Corp.* [appeal No. 2], 73 AD2d 813; *Stahl Assocs. Co. v Mapes*, 111 AD2d 626). A commercial landlord is under no duty to rearrange its leasing of space in its building to accommodate a subtenant who knowingly and wrongfully holds over (*Mitchell & Titus Assocs. v Mesh Realty Corp.*, 160 AD2d 465).

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.