■ PHH MORTGAGE CORP., Appellant, v FERRO, KUBA, MANGANO, SKLYAR, GACOVINO & LAKE, P.C., Respondent. [979 NYS2d 536]—

Contrary to the determination of the Supreme Court, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the defendant breached its sub-sublease by remaining in occupancy of a portion of the leasehold premises beyond the termination date of that agreement. As a sub-subtenant, the defendant had expressly agreed to be bound by all of the provisions and restrictions in the master lease for the premises, which included the payment of liquidated damages in the event of a holdover occupancy of part or all of the premises. Therefore, based upon the provisions of the master lease and the sub-sublease, the defendant is liable for holdover damages for the entire leasehold premises during the period at issue (*see 1133 Bldg. Corp. v Ketchum Communications*, 224 AD2d 336 [1996]; *Syracuse Assoc. v Touchette Corp.*, 73 AD2d 813 [1979]). In this regard, a lessor is under no duty to rearrange its leasing of space in a commercial building to mitigate the damages caused by a subtenant who holds over (*see 1133 Bldg. Corp. v Ketchum Communications*, 224 AD2d 336 [1996]; *11 Park Place Assoc. v Barnes*, 202 AD2d 292 [1994]; *Mitchell & Titus Assoc. v Mesh Realty Corp.*, 160 AD2d 465 [1990]). In opposition to the plaintiff's prima facie showing, the defendant's speculative assertions did not raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and for summary judgment dismissing the defendant's counterclaim, and we remit the matter for a determination of the amount of the plaintiff's liquidated damages, interest, and counsel fees pursuant to the terms of the master lease and sub-sublease. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.