**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3204-15T4

GIGI K COLLECTIONS, INC.
and GIGI K NYC,

    Plaintiffs-Appellants,

v.

UNITED MERCHANT SERVICES,

    Defendant-Respondent.

_____

          Submitted May 16, 2017 — Decided August 24, 2017

          Before Judges Reisner and Sumners.

          On appeal from Superior Court of New Jersey,
          Law Division, Bergen County, Docket No. DC-
          14792-15.

          Foley & Foley, attorneys for appellant
          (Timothy J. Foley, on the brief).

          Budd Larner PC, attorneys for respondent
          (Philip C. Chronakis, on the brief).

PER CURIAM

    In this commercial business dispute, plaintiffs Gigi K

Collections, Inc. and Gigi K NYC (collectively, Gigi) appeal from

a Special Civil Part order dismissing their complaint and entering

judgment for defendant United Merchant Services (UMS). For the reasons that follow, we affirm.

We discern the following facts from the evidence adduced at the one-day bench trial. Gigi operates retail-clothing stores in New York City. To allow its customers to purchase merchandise with credit cards, Gigi contracted with UMS to obtain Point of Service (POS) credit-card processing equipment. As part of the contract, UMS would also provide related services — charge the customers' credit card accounts, collect the money from the credit card company, retain a processing fee, and deposit the remaining proceeds in Gigi's bank account.

In accordance with the parties' contract, Gigi emailed UMS that it was providing thirty days' notice to terminate the contract, and that it did not wish to renew the contract because the parties could not agree on renewal terms. Thereafter, a dispute arose and Gigi filed suit in the Special Civil Part alleging that UMS "breached their agreement[] with [Gigi] by failing to pay [Gigi] monies due to [Gigi] by virtue of transactions effectuated on [Gigi's] credit card machines[,]" and UMS "improperly converted [Gigi's] funds, and has failed to return them to [Gigi] after demand[.]"

According to the testimony of Gigi's owner, Gigi Kwon, she continued to use the credit card machines supplied by UMS during

the thirty-day time span after the termination notice, and expected UMS to pay Gigi for the credit card purchases. Kwon stated, however, that, despite obtaining approval for the purchases from the credit card companies, UMS failed to pay Gigi for the purchases processed through UMS. She contended that in order for Gigi to be paid by UMS for approved credit card purchases, the credit card machines would "batch" the transactions by totaling all of the signed credit card receipts at the end of each day. Gigi relied upon UMS' records to attempt to prove that UMS owed it $9,300.86 in unpaid credit card transactions. Kwon admitted that she was unaware if UMS received payment for the transactions in dispute.

UMS presented the testimony of Seng Yung Lee, who managed Gigi's accounts with UMS. Lee maintained that UMS ceased processing Gigi's credit card transactions upon receipt of Gigi's written notice, which terminated the parties' contract. He testified that when Gigi complained about not receiving payment for credit card purchases, Gigi declined UMS' proposal to reprocess American Express transactions that UMS claimed were never processed.

Following the trial, the judge entered an order that same day dismissing Gigi's complaint with prejudice, and attached a written statement of reasons. The judge found both witnesses credible, but determined there was no evidence to support Gigi's allegation

that UMS breached their contract by collecting and retaining the proceeds from the credit card purchases of Gigi's customers. The judge noted:

> Ms. [Kwon]'s proofs establish that her company's failure to batch sales caused her losses. Mr. Lee's testimony established that Ms. [Kwon] declined to take the opportunity to recoup at least the [American Express] losses a year ago and that, contrary to [Gigi's] allegations, [UMS] did not collect and retain [Gigi's] sales proceeds.
>
> On these facts, established by a preponderance of the evidence, this [c]ourt cannot find that [UMS] breached the agreement and is responsible to [Gigi] for damages.

This appeal ensued.

Before us, Gigi argues that the trial judge erred in his assessment of the evidence. In particular, Gigi contends that UMS prematurely terminated their contract by not processing Gigi's credit card transactions upon receipt of Gigi's thirty-day notice that it was not renewing the contract. UMS' conduct constituted a breach of contract resulting in losing credit card sales proceeds. Gigi maintains that it was not obligated to batch each day's receipts because it was done automatically by UMS' equipment. In addition, Gigi argues that its refusal to accept UMS' offer to re-process American Express transactions related to a "discounted settlement offer," which under N.J.R.E. 408 was not admissible to prove liability or damages.

Our standard of review of the trial court's determinations following a non-jury trial is a limited one. Petrozzi v. City of Ocean City, 433 N.J. Super. 290, 316 (App. Div. 2013), certif. denied, 217 N.J. 623 (2014) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We must "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (citing Rova Farms Resort, Inc., supra, 65 N.J. at 483-84). Reviewing courts "should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms Resort, Inc., supra, 65 N.J. at 484). Review on appeal "does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)).

We, however, owe no deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of

Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).  We review such decisions de novo.  30 River Court E. Urban Renewal Co. v. Capograsso, 383 N.J. Super. 470, 476 (App. Div. 2006) (citing Rova Farms Resort, Inc., supra, 65 N.J. at 483-84; Manalapan Realty, supra, 140 N.J. at 378).

Guided by these principles, Gigi's complaint was properly dismissed.  Although we have some reservations concerning the trial judge's finding that Gigi caused its own losses because it failed to batch its credit card transactions, we nevertheless conclude there is sufficient credible evidence to support the trial judge's order entering judgment in favor of UMS.  Gigi did not allege that UMS was negligent in failing to process Gigi's credit card transactions, but claimed that UMS improperly converted its funds.  However, Gigi presented no evidence to support its allegation that UMS collected Gigi's credit card sales proceeds and failed to give it to Gigi.

Moreover, we do not view the judge's admission of UMS' proposal to re-process the American Express purchases as evidence of a settlement offer in violation of N.J.R.E. 408.  Under the rule, "offers of compromise or any payment in settlement of a related claim, shall not be admissible to prove liability for, . . . or amount of the disputed claim."  N.J.R.E. 408.  Here, UMS' proposal was not a settlement offer, but was evidence of Gigi's

failure to mitigate its damages. A party alleging a breach of contract has "a common law obligation to take reasonable steps to mitigate their damages." State v. Ernst & Young, L.L.P., 386 N.J. Super. 600, 617-18 (App. Div. 2006) (citations omitted). The doctrine of mitigation of damages embodies the principle that a claimant should not be entitled to damages that reasonably could have been avoided. Covino v. Peck, 233 N.J. Super. 612, 617 (App. Div. 1989) (citing Ostrowski v. Azzara, 111 N.J. 429, 437 (1988)). The judge properly considered Gigi's refusal to accept UMS' proposal to re-process American Express purchases by Gigi's customers, and reasonably determined that Gigi failed to fulfil its obligation to mitigate its damages. See Ingraham v. Trowbridge Builders, 297 N.J. Super. 72, 84 (App. Div. 1997) (quoting Fanarjian v. Moskowitz, 237 N.J. Super. 395, 406 (App. Div. 1989) ("the proper standard in a non-jury case regarding the judge's decision on mitigation of damages 'is whether the judge's findings are supported by sufficient, credible evidence in the record.'").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION