OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the decision dated December 10, 2010 is deemed a premature notice of appeal from the judgment entered February 16, 2011 (see CPLR 5520 [c]); and it is further, ordered that the judgment is reversed, with $30 costs, the complaint is reinstated, and the matter is remitted to the Civil Court for a new trial.
In a nonjury trial of this action by a provider to recover assigned first-party no-fault benefits, the Civil Court denied plaintiffs motions to admit into evidence, among other things, plaintiff’s assignment of benefits form, document delivery receipt, and claim form. Defendant presented no witnesses. Plaintiff appeals from a written decision after trial in which the court found for defendant. A judgment was subsequently entered, from which we deem the appeal to have been taken (CPLR 5520 [c]). On appeal, plaintiff contends, among other things, that it had laid a proper foundation for the admission into evidence of its assignment of benefits form, delivery receipt and claim form. We agree.
At the outset, we note that plaintiff was not required to lay a CPLR 4518 (a) foundation for the assignment of benefits form. An assignment of benefits is not hearsay; like a contract, it has independent legal significance and need only be authenticated to be admissible (see Kepner-Tregoe, Inc. v Leadership Software, Inc., 12 F3d 527, 540 [5th Cir 1994]; see also Beal-Medea Prods., Inc. v NY Cent. Mut. Fire Ins. Co., 36 Misc 3d *29 135[A], 2012 NY Slip Op 51347[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). However, plaintiff was attempting to use the delivery receipt and claim form to prove the transactions recorded therein, and so was required to lay a CPLR 4518 (a) foundation for those records.
“The essence of the business records exception to the hearsay rule is that records systematically made for the conduct of a business as a business are inherently highly trustworthy because they are routine reflections of day-to-day operations and because the entrant’s obligation is to have them truthful and accurate for purposes of the conduct of the enterprise” (People v Kennedy, 68 NY2d 569, 579 [1986]).
If a record is made in the regular course of business, it is the regular course of business to make the record, and the record is made at or about the time of the event being recorded, the record can be admitted into evidence pursuant to the CPLR 4518 (a) business records hearsay exception.
A review of the evidence adduced at trial shows that plaintiffs witness was employed by plaintiff prior to, during, and after the time that plaintiff had provided the supplies to its assignor. The witness testified he and another person who was no longer employed by plaintiff had generated all of plaintiffs claim forms, and that his father, who was the owner of plaintiff, had generated the delivery receipts. The witness also testified, albeit inartfully, that he was familiar with plaintiffs office routine and that plaintiffs delivery receipts and claim forms were routinely and contemporaneously made in the course of plaintiffs business, and that it is plaintiffs regular business practice to make such records. The Civil Court sustained defendant’s objection to the admission of the foregoing documents into evidence on the ground that the witness was not a proper person to lay a foundation for their admission.
It is not necessary to call the person who actually made a record in order to establish a proper foundation for its admission into evidence pursuant to the business record exception of CPLR 4518 (a). As plaintiffs witness was an employee who was familiar with plaintiffs office routine, it was proper for him to testify that the aforementioned records had been contemporaneously and routinely made in the course of plaintiffs business and that it is plaintiffs regular business practice to make such records (see People v Kennedy, 68 NY2d at 579). In addition, CPLR 4518 (a) provides that a witness’s lack of personal knowledge affects *30 the weight of the record, not the admissibility of the record. Inasmuch as the witness had satisfied the foundational requirements of CPLR 4518 (a), plaintiffs exhibits 1 and 2 should have been admitted into evidence.
Accordingly, the judgment is reversed, the complaint is reinstated, and the matter is remitted to the Civil Court for a new trial.
Pesce, RJ., Weston and Rios, JJ., concur.