<partyblock>

Service Alliance, Inc., Doing Business as SERVPRO, Appellant, -

against

David Betesh, Respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered August 1, 2014. The judgment, insofar as appealed from, entered pursuant to so much of a decision of the same court dated October 17, 2013 as, after a nonjury trial, found in favor of defendant on plaintiff's causes of action for breach of contract and account stated, dismissed the complaint.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated October 17, 2013 is deemed a premature notice of appeal from so much of the judgment entered August 1, 2014 as dismissed the complaint (see CPLR 5520 [c]); and it is further,

ORDERED that the judgment, insofar as appealed from, is modified by vacating so much thereof as dismissed plaintiff's cause of action for breach of contract; as so modified, the judgment, insofar as appealed from, is affirmed, without costs, and the matter is remitted to the Civil Court for a new trial on plaintiff's breach of contract cause of action.

Insofar as is relevant to this appeal, plaintiff sued defendant to recover the principal sum of $3,520 for breach of contract and based on an account stated, alleging, among other things, that defendant had not paid for water-damage repair work that had been performed by plaintiff pursuant to an agreement. In his answer, defendant alleged, among other things, that plaintiff had not performed the work "as per our agreement" and had left his house full of mold. After a nonjury trial, the Civil Court dismissed the complaint, finding that plaintiff had not made out a prima facie case.

At the outset, we note that the Civil Court improperly excluded as hearsay certain documents introduced by plaintiff, even though defendant had not raised a hearsay objection to those documents and even though the purpose for which plaintiff was intending to use them was not yet clear, and certain of the documents appear simply to show the existence of an agreement between the parties. Contracts, or other documents having independent legal significance, are not hearsay (see e.g. All Borough Group Med. Supply, Inc. v GEICO Ins. Co., 43 Misc 3d 27, 28 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Kepner-Tregoe, Inc. v Leadership Software, Inc., 12 F3d 527, 540 [5th Cir 1994]).

In any event, the Civil Court's implicit conclusion
is not supported by the record, as defendant admitted [*2]both in his answer and during his testimony that plaintiff had performed work pursuant to an agreement between the parties, and also essentially conceded at trial that he had not paid plaintiff. Instead, defendant's apparent position was that plaintiff's work was not acceptable or in accordance with the contract. As the court's finding that plaintiff had not made out a prima facie case for breach of contract is not supported by this record, a new trial is required with respect to that cause of action.

We leave undisturbed the Civil Court's determination with respect to plaintiff's account stated cause of action, as plaintiff did not prove that an invoice had in fact been sent to defendant or that defendant had kept the invoice for any length of time without objection (see e.g. Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522 [2012]).

Accordingly, the judgment, insofar as appealed from, is modified by vacating so much thereof as dismissed plaintiff's cause of action for breach of contract, and the matter is remitted to the Civil Court for a new trial on that cause of action.

Pesce, P.J., Aliotta and Solomon, JJ., concur.

Decision Date: June 15, 2016

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>