830 Eighth Ave. LLC v Global at 8th LLC (2021 NY Slip Op 05280)





830 Eighth Ave. LLC v Global at 8th LLC


2021 NY Slip Op 05280


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 154582/20 Appeal No. 14290-14290A Case No. 2021-01045 2021-01047 

[*1]830 Eighth Avenue LLC, Plaintiff-Appellant,
v
Global at 8th LLC, et al., Defendants-Respondents.


SDK Heiberger, LLP, New York (Steven B. Sperber of counsel), for appellant.
Todd Rothenberg, New Rochelle, for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 8, 2020, which denied plaintiff's motion for summary judgment, and order, same court and Justice, entered on or about March 23, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew its motion for summary judgment, unanimously reversed, on the law, without costs, the motions granted, and the matter remanded to Supreme Court for a determination on plaintiff's attorneys' fees and costs.
Plaintiff's initial motion papers, which included an affidavit by plaintiff's managing member who signed the lease for plaintiff, were sufficient to authenticate the relevant documents. The documents had independent legal significance, and did not need to meet the hearsay exception of CPLR 4518(a) (All Borough Group Med. Supply, Inc. v GEICO Ins. Co., 43 Misc 3d 27, 28-29 [App Term, 2d Dept 2013]).
However, Supreme Court should also have granted plaintiff' motion for renewal, because the additional information plaintiff submitted addressed an issue that the court raised sua sponte on the original motion (see Scannell v Mt. Sinai Med. Ctr., 256 AD2d 214, 214 [1st Dept 1998]).
The alleged subtenant's holdover on the premises prevented defendants from surrendering the entire leased premises, thus rendering defendants liable for the full rent for the period under the terms of the lease and the guaranty (1133 Bldg. Corp. v Ketchum Communications, 224 AD2d 336, 336 [1st Dept 1996], lv dismissed 88 NY2d 963 [1996], lv denied 89 NY2d 816 [1997]). As a result, rent was owed through July 21, 2020, the date that the alleged subtenant's rights were judicially terminated. Furthermore, plaintiff calculated the damages correctly and gave credit to defendants for the security deposit.
Defendants failed to raise an issue of fact as to their defense based on the warranty of habitability (see Real Property Law § 235-b). There is no dispute that defendants were sublessors and never inhabited the premises; thus, they could not assert any claim or setoff based on a breach of the warranty (Genson v Sixty Sutton Corp., 74 AD3d 560, 560 [1st Dept 2010]; Adler v Ogden CAP Properties, LLC, 42 Misc 3d 613, 624 [Sup Ct, NY County 2013], affd sub nom. Adler v Ogden CAP Properties, 126 AD3d 544 [1st Dept 2015]).
Both the lease and the guaranty expressly provide for attorneys' fees and costs to plaintiff in connection with enforcing its rights under those agreements. We therefore remand to Supreme Court for a calculation of those fees and costs.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021